McChesney and Becker

*v.*

State of Illinois.

*Opinion filed November 26, 1918.*

Practice—*where no plea filed.* Where no plea is filed to the declaration by the State, the case will stand on hearing the same as if the plea of general issue had been filed. Rule II, Court of Claims.

Statute of Limitations—*no waiver by State officer.* A State officer is without power to waive or arrest the running of the statute of limitations on a claim against the State.

Same—*when need not be pleaded.* The statute of limitations need not be specially pleaded to claims against the State.

State Auditor—*authority to employ private counsel.* The State Auditor has no power or authority to employ private counsel to resist or interfere with the Attorney General in the performance of his duty, or efforts to have a receiver appointed for an insolvent bank.

Non-Liability of State—*officers exceeding their authority.* The State is not liable if its officers exceed their authority.

Agency—*statements and declarations not proof of agency.* Agency cannot be proved by showing statements and declarations made by the agent.

Edward J. Brundage, Attorney General, for State.

Judge Eaton delivered the opinion of the Court.

This suit was brought by McChesney & Becker, a firm of Attorneys, practicing in Chicago, Illinois, for seven hundred and fifty dollars ($750.00) claimed to be due them for professional services rendered the Auditor of Public Accounts of the State. Their alleged services commenced on the 30th of July and ended on or about the 8th day of September, 1914. It is alleged in plaintiff's Declaration that they were employed by the State Auditor under an agreement that they were to have one hundred dollars per day for all the time spent in the performance of their duties under such employment. It seems that about that time the Ashland Twelfth Street, State Bank, of Chicago, and the Calumet State Bank, also of Chicago, were in deep water financially; that the Attorney General of the State of Illinois had started suit in the Courts of Cook County, asking that receivers be appointed for each of these Banks. The services alleged to have been rendered by the Plaintiffs consisted of an attempt to reorganize these Banks and to resist the application of the Attorney General to have receivers appointed.

The Declaration alleges that under the provisions of Chapter 83, Section 31 of Hurd's Statute, 1913, where nothing interferes with the running of the Statute, that the Statute of Limitations becomes a bar to any action against the State of Illinois on such a claim, after the expiration of the two year period, but that, where a new promise to pay,

according to the tenor of the claim, and an acknowledgment made by the party subject to be charged with the debt, where the same was within a period of two years of the performance of the services, that the Statute begins to run from such new promise or asknowledgment, and the Declaration alleges that on November 1st, 1916, James J. Brady, Auditor of Public Accounts, acknowledged the claim sued on and asked the complainants that the claim be forwarded to him in the form of a declaration to be filed in the State Court of Claims and that he, as ex-officio clerk of said Court, would present the same to the Court, and see that an award was made in favor of the complainants.

The Declaration alleges that this letter, alleged to have been sent to them by Brady, constitutes such an acknowledgment of the debt or new promise, as would arrest the running of the Statute of Limitations. The Attorney General has filed no pleadings in the case, and, under the rules of this Court, the case stands on hearing, the same as if the general issue had been filed.

The Attorney General claims in his brief and argument, *First*— that the claim is barred by the Statute of Limitations; *Second*—that the State Auditor had no legal power or authority whatever, to contract or employ the plaintiffs to do the things mentioned and set forth in the claimant's Declaration.

The plaintiffs in their Declaration, acknowledge and admit that, under the statute in force at the time they rendered the services sued for, their action would be barred unless a new promise or acknowledgment had been made within two years prior to the starting of their suit in this Court, and place their whole case on a letter alleged to have been written by James J. Brady, on November 2nd, 1916, which is set forth in the depositions in the case.

We do not believe that the State Auditor, James J. Brady, if he wrote this letter, had any authority to make any acknowledgment or promise which would waive or retard the running of the Statute of Limitations, and an examination of the letter shows that he did not promise to pay the claim, but that, if the plaintiffs brought suit in the Court of Claims, he would use his influence, as clerk of such Court, and undertake to induce the Court to allow the claim of plaintiffs'.

We hold that this letter does not constitute an acknowledgment of the debt or a promise on the part of the State of Illinois, to pay this claim, and that James J. Brady, Public Auditor, had no authority whatever, to make a new promise for the State, or to, in any way arrest the running of the Statute of Limitations. If he did make such promise, that the contents of the letter would be insufficient to constitute a new promise or acknowledgment, if said Brady had authority to make a new promise on behalf of the State.

Claimants, in their Brief and Argument, argue at considerable length that the Attorney General, not having specially plead the Statute of Limitations, that such defense was waived by the State and could not be set up as a bar to the action.

We hold that in a Court of Claims it is not necessary that the Statute of Limitations should be specially pleaded; that the Attorney

General has no authority under the law, in any manner to waive or arrest the running of the Statute of Limitations in favor of the State.

In the case of *Finn* v. *U. S.* 123, 227, Mr. Justice Harlan, who delivered the opinion of the Court in said case, stated as follows:

> "The general rule that the limitation does not operate by its own force as a bar, but is a defense, and that the party making such a defense must plead the Statute, if he wishes the benefit of its provisions, has no application to suits in Courts of Claims against the United States. An individual may waive such a defense, either expressly or by failing to plead the Statute, but the Government has not expressly or by implication, conferred authority upon any of its officers to waive the limitation imposed by the Statute upon suits against the United States in a Court of Claims. Since the Government is not liable to be sued as of right, by any claimant, and since it has consented to a judgment being rendered against it only in certain classes of cases brought within the prescribed period after the cause of action accrued, a judgment in a Court of Claims for the amount of the claim, which the record or evidence shows to be barred by Statute, would be erroneous."

We think that the rule, as laid down by Justice Harlan, is based on sound reasoning and should be applied in this case, especially so where the declaration itself shows the claim is outlawed and attempts to avoid the Statute by alleging a new promise or acknowledgment of the debt by the State, and where they failed, as they did in this case, to show that the State, by any authorized power, made any promise or acknowledgment which arrested the running of the Statute.

We do not believe that in this case there is any section in the Illinois Statute, empowering the State Auditor to employ private counsel to resist the efforts of the Attorney General to have receivers appointed for these particular Banks. After the Attorney General had assumed to take charge of the questions arising under the failure to these two Banks, and had brought proceedings in Court to have receivers appointed, the State Auditor had no authority to employ counsel to resist in Court, the proceedings instituted by the State of Illinois, through is Attorney General, or to employ private counsel to interfere or termeddle with the subject matter of the suit instituted by the Attorney General in any way, and it appears from the evidence of one of the claimants, that the State Auditor was interested largely in employing them to "save his own face." It would be an absurdity to hold that, after the chief law officer of the State had started a suit on behalf of the public, that any other State officer had authority to employ private counsel at the expense of the State, to contest the proceedings brought by the State, through its Attorney General, especially where the evidence shows that he employed such counsel largely "to save his own face."

We must hold that under the evidence in this particular case, the Auditor, James J. Brady, had no authority to incur a liability for Attorney fees, and that, if he did so employ private attorneys, that said attorneys have no claim against the State of Illinois for their fees. There is a total failure in the evidence of competent proof to show that

the complainants were ever employed by the State Auditor. The evidence shows that one of the complaints had a talk with a man by the name of Coleman, and that they were really employed by the said Coleman. The declaration alleges that Coleman was an Assistant State Auditor, but there is no evidence in the record showing that he held such position. He is referred to, in the testimony to Mr. McChesney, as a "representative" of the State Auditor, but what power or authority he has as such representative is not shown by the evidence. It is true that Mr. McChesney testified that Coleman represented to him that he had authority from the State Auditor to employ counsel, but it is elementary that proof of agency cannot be made by the showing or declaration of an agent, *(Phillips* v. *Poulter,* Ill. App. 330). The burden of proof of showing that Coleman was an agent of the State Auditor, with power to employ counsel, was upon the complainants. The mere fact that Coleman assumed to act as the agent of the State Auditor is not proof of his authority, *(Schmidt* v. *Shaver,* 196 Ill. 108).

We hold that the plaintiffs have no legal claim against the State of Illinois and their claim is wholly disallowed.