(No. 3820— )

JAMES CONGLIS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1945.*

*Rehearing denied April 16, 1945.*

NICHOLAS P. CONGLIS, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This complaint was filed on November 8, 1943, seeking an award in the sum of $15,000.00 for alleged damages to certain real estate owned by claimant and specifically described as:

Lot twenty-three (23) in Green Bay Heights Subdivision, being a subdivision of part of the Southwest Quarter (SW¼) of the Southeast Quarter (SE¼) of Section nineteen (19), Township forty-five (45) North, Range twelve (12), East of the Third Principal Meridian, situate in Waukegan Township, Lake County, State of Illinois.

The above described real estate is located on the southeast corner of Green Bay Road and Washington Street, in said Lake County, and the complaint alleges that said real estate was vacant and unimproved at the time claimant acquired it.

The complaint alleges that during March, 1939, the Department of Public Highways directed their engineers

and contractors, its agents and employees, to construct or repair Green Bay Road at a point where it intersects with Washington Street, at or near the above described real estate of claimant. That without notifying claimant or any other person in his behalf, the said State Highway Department began and completed certain alterations and repairs at said intersection, and that by so doing, the respondent, through its duly authorized agents and servants, destroyed that portion of the road which was running in front of and adjacent to the northwest line of said lot twenty-three, and closed the branch of said road then running adjacent to said road, and by so doing closed in and obstructed the entire branch of said roads, which had heretofore run in front of the entire line of said lot.

The complaint further alleges that the grade of the east line of said Green Bay Road was raised by said Department from one to ten feet from its natural height; that the south line of Washington Street was closed and the grade of said line was lowered from its natural grade line; the closing of said roads on the front and each side of said lot, and the raising and lowering of Green Bay Road and Washington Street, caused the drainage system of lot twenty-three to be greatly impaired and damaged, and that by reason thereof great quantities of water gathered upon said lot when it rained and caused said lot to flood. And further that by reason of said obstruction, elimination and destruction of that portion of the road running immediately and adjacent to the northwest line of said lot, deprives the claimant of his right of ingress and egress, and that claimant has no other means to go to and from his property unless he would trespass on other property.

The claimant further alleges that claimant, in June, 1940, discovered the changes that had been made by the Department of State Highways and thereupon he immediately took up the matter with said Department at its offices at Elgin, Illinois. That conferences were held by some unnamed agent or servant of the respondent by and through the attorney of claimant, and certain promises are alleged to have been made to claimant's attorney that the respondent would vacate said land and pay certain sums of money to claimant for necessary expenses incurred by said attorney in holding conferences with the agents of the respondent, including a reasonable attorney fee. And that although many requests were made thereafter by claimant or his attorney upon said respondent's agents or servants, that they have failed to comply with said promises, as alleged in said complaint. And that by reason thereof this claimant has been damaged as aforesaid.

The record in this case consists of the complaint, the motion of respondent to dismiss, and the answer of claimant to said motion.

The motion of respondent to dismiss is supported by an affidavit of Earl McK. Guy, Acting Engineer of Claims, Division of Highways, Department of Public Works and Buildings, of the State of Illinois, dated December 4, 1943. This motion to dismiss, filed by the Attorney General, is predicated on Rule 10 of this Court, which provides:

Every claim against the State, cognizable by the Court of Claims, shall be forever barred unless the claim is filed with the Secretary of the Court within five years after the claim first accrued, saving to infants, idiots, lunatics, insane persons and persons under disability at the time the claim accrued two years from the time the disability is removed."

The affidavit in support of the motion to dismiss shows that affiant examined the records of the Department of Public Works and Buildings, and that said records show that the plan for and the construction of State Bond Issue Route 42A, Section UR, Lake County, Illinois, is the same highway improvement by which the grade of the east line of Green Bay Road was raised, and the grade of the south line of the intersecting street, known as Washington Street was lowered, and the wye connection between said Green Bay Road and Washington Street was removed and that said plans and construction are the same highway improvement which said claimant alleges damaged lot twenty-three, as described in claimant's complaint.

That on April 4, 1937, the Department of Public Works and Buildings, State of Illinois, let a contract for the construction of said State Bond Issue Route 42A, Section UR, Lake County, Illinois. That the contract for the construction of said road and section was awarded on June 5, 1937, and that the work under the said contract was completed and final inspection thereof was made on November 11, 1937.

It appears, therefore, from the records of the respondent above referred to in said affidavit, that this alleged claim is barred by the Statute of Limitation, as provided in Section 10 of the Court of Claims Law.

Claimant, in his answer to the motion to dismiss, files copies of two letters, one dated December 8, 1938, signed by C. H. Apple, District Engineer, and the other dated June 2, 1944, signed by R. T. Cash, District Engineeer. Claimant attempts to construe these letters as a new promise to claimant and a waiver on the part of the respondent to its right to plead the Statute of Limitation. We cannot agree with this contention. These letters were

signed by persons who, under the law, could not create a new liability against the State nor increase or enlarge any existing liability.

Statutes delegating powers to public officers must be strictly construed and all parties interested must look to the Statute for the grant of power. *Diederich* vs. *Rose, et al,* 228 Ill. 610. Every person is presumed to know the nature and extent of the powers of state officers and therefore cannot be deemed to have been deceived or misled by acts done without legal authority. It is a familiar principal of law that all persons who deal with municipalities and subordinate boards and agencies of the State and National Government must, at their peril, inquire into the powers of the officers or agents of such municipalities, boards or agencies to make the contract contemplated. The acts of such officers can only bind in a manner and to the extent of authorized authority.

These district engineers, upon whom claimant relies for his authority in alleging a new promise, were not authorized, under the law, to execute a binding contract with the claimant. Had they done so they would have acted outside the scope of their authority.

This complaint having been filed more than five years after the cause of action accrued, motion of the Attorney General to dismiss must be sustained. Complaint dismissed.