(No. 81-CC-1016—

ILLINOIS BELL TELEPHONE COMPANY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed August 24, 1981.*

PRITCHETT AND SCULLY, for Claimant.

TYRONE C. FAHNER, Attorney General (ANDREW R. JARETT, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This case comes before the Court on a motion to dismiss filed by the Attorney General, for failure of the Claimant to file suit within the statute of limitations as provided in section 22(g) of the Court of Claims Act, Ill. Rev. Stat. 1979, ch. 37, par. 439.22(g).

The Claimant, Illinois Bell Telephone Company, filed on November 21, 1980, a two-count complaint, in tort, under section 8(d) of the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.8(d)), seeking an award of $16,207.[1]

In Count I Claimant sought recovery for damage allegedly done to an underground duct and telephone cable by an act of Respondent, Department of Transportation, approximately 500 feet west of Butterfield Road, Libertyville, Illinois. Claimant asserted that this act occurred on or about July 6, 1978.

In Count II Claimant sought recovery for damage allegedly done to an underground telephone cable, by an act of Respondent, Department of Transportation, approximately one-quarter (¼) mile south of Gages Lane on Route 41, Lake Forest, Illinois. Claimant asserted that this act occurred on or about August 30, 1978.

---

[1]The Court notes that Claimant has two apparently unrelated claims, consolidated into one complaint. Future complainants would be well advised not to "piggyback" their claims in such manner.

The Limitations Act of the Court of Claims reads as follows:

"All other claims must be filed within 2 years after it first accrues, saving to infants, idiots, lunatics, insane persons and persons under other disability at the time the claim accrues, in which case the claim must be filed within 2 years from the time the disability ceases." (Ill. Rev. Stat. 1979, ch. 37, par. 439.22(g)).

Computation of the statute of limitations period is governed by section 1.11 of "An Act in relation to the Construction of Statutes" (Ill. Rev. Stat. 1977, ch. 131, par. 1.11):

"The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last. When the last day is a Saturday, Sunday, or holiday, (as defined by statutes in force) it is excluded."

Claimant, as required by rules of the Court of Claims, has stated that Count I of the complaint was submitted to the attention of the Department of Transportation in October of 1978, and the Department's insurance carrier, Employers Self Insurance Service, and that Count II was submitted to the same parties on February 6, 1979. In both instances the claim was ultimately denied.

The threshold question is whether presenting the claims to the Department of Transportation will act to toll the running of the statute of limitations. The answer is no. A State officer is without power to waive or arrest the running of the statute of limitations on a claim against the State. Indeed, the Attorney General himself is power-less under the law to waive or arrest the running of the statute of limitations in favor of Claimant. (*McChesney v. State*, 4 Ill. Ct. Cl. 7.) Any claimant who decries that he depended on the acts or promises of a State employee to toll the statute has deceived himself. For:

"Every person is presumed to know the nature and extent of the powers of

State officers and therefore cannot be deemed to have been deceived or misled by acts done without legal authority. It is a familiar principal of law that all persons who deal with municipalities and subordinate boards and agencies of the State and National Government must, at their peril, inquire into the powers of the officers or agents of such municipalities, boards or agencies to make the contract contemplated. The acts of such officers can only bind in a manner and to the extent of authorized authority." (*Conglis v. State*, 14 Ill. Ct. Cl. 73, 77.)

Thus in *Conglis, supra,* letters to claimants signed by persons who, under the law, could not create a new liability nor enlarge an existing liability, left the claimants without a remedy after "blowing" the statute of limitations.

In the instant case, we hold that the clock started to run from the date the claim accrued, and was not tolled by presenting the claim to the Respondent, Department of Transportation, and its agents, as they had no authority to waive or stop the running of the statute of limitations.

It will be recalled that Claimant asserts the cause of action for Count I arose on or about July 6, 1978, and for Count II the cause of action arose on or about August 30, 1978. Applying the aforesaid rules, the last possible day on which Claimant could have filed for Count I was July 7, 1980, and for Count II that date was September 1, 1980. It is undisputed that Claimant filed his complaint on November 21, 1980. It is of historical interest that in the first published case of the Court of Claims, *Fairbanks v. State*, 1 Ill. Ct. Cl. 1, the Court barred a claimant for failure to file within the statute of limitations, and that the same barred the claim. The present Court has no hesitation to enter the same ruling in the instant case.

While this result may seem harsh, in that it leaves Claimant without a remedy, there is no choice. The statute of limitations is jurisdictional on the Court, and failure to comply leaves the Court powerless to enter any

award. *Conglis v. State*, 14 Ill. Ct. Cl. 73, *Weber v. State*, 19 Ill. Ct. Cl. 33, *Moore v. State*, 11 Ill. Ct. Cl. 491.

So fundamental is the statute of limitations to the jurisdiction of this Court, that the statute of limitations need *not* be specifically pleaded, yet the Court may, on its own motion, dismiss the claim based on it. *McChesney v. State*, 4 Ill. Ct. Cl. 5, 7.

Finally, this Court would be remiss if it did not note the sound public policy reason for the statute, which is that to all things there must be an end, and there is no hardship in requiring claimants to act within a reasonable time. Failure by a claimant to act, whether by lapse of time or omission, forfeits his title to the claim under the law, allowing the government to avail itself thereof in suits against it. *Trickle v. State*, 1 Ill. Ct. Cl. 103.

For the above-stated reasons, it is the holding of this Court that the claim in the instant case is barred by the running of the statute of limitations, the motion of the Respondent is granted, and the case be and is hereby dismissed.