(No. 00002)

MILDRED N. BURGHOLZER, as wife of WILLIAM A. BURGHOLZER, JR., deceased, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed February 9, 1973.*

MILDRED N. BURGHOLZER, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER,

Assistant Attorney General, and VINCENT BISKUPIC, Special Assistant Attorney General, for Respondent.

PERLIN, C.J.

This claim was filed pursuant to *Ch. 48, Sec. 281 et seq., Ill.Rev.Stat., 1971,* "Law Enforcement Officers and Firemen Compensation Act." The Court is in receipt of the Application for Benefits and Statement of Supervising Officer, as well as an investigative report by the Illinois Attorney General's office. Based upon these documents the Court finds as follows:

That the claimant, MILDRED N. BURGHOLZER, is the wife of the decedent and is the named beneficiary under the Application for Benefits. That the decedent, WILLIAM A. BURGHOLZER, JR., was a patrolman with the Oswego Police Department, engaged in activities within the scope of duty on January 18, 1972, within the meaning of Section 282 of the aforecited act. On said date he suffered a fatal acute coronary occlusion while participating in the trailing of suspects involved in a grocery-liquor store robbery. At approximately 10:30 p.m. on the night in question, Officer Burgholzer and his partner, Sgt. Ronald Reuter, received a request from the Sheriff of Kendall County advising them tat a Trailways bus had come through the search area and it was feared that the suspects could have boarded the bus. The officers were instructed to stop the bus and make a thorough search. When the bus approached the intersection of Routes 34 and 31, the officers pulled their vehicle into the roadway blocking the bus, jumped out of their vehicle with weapons drawn. As Officer Burgholzer approached the rear of the bus he collapsed and fell to the road surface. Sgt. Ronald Reuter, who was the decedent's partner at the time

in question, gave a written statement to the Attorney General as follows:

"We were informed that weapons were used by the robbers, that they were armed and dangerous."

Upon stopping the bus, Reuter stated:

"We both jumped out of our patrol car; I had a shotgun and Officer Burgholzer had a service revolver drawn. This was an extremely tense situation in view of our concern for the safety of the bus passengers and ourselves in the event the armed suspects were aboard."

The Court further finds that the Attorney General's office in its investigation has determined that this claim is within the scope of the above cited statutes:

"Section 282 (e) 'killed in the line of duty' means losing one's life as a result of injury received in the active performance of duties as a law enforcement officer or fireman if the death occurs within one year from the date the injury was received and if that injury arose from violence or other accidental cause . . ."

IT IS HEREBY ORDERED that the sum of $10,000 (TEN THOUSAND DOLLARS), be, and the same hereby is, granted to MILDRED N. BURGHOLZER, as wife and next of kin of the decedent, WILLIAM A. BURGHOLZER, JR.