(No. 00187—)

MARY McINERNEY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 15, 1980.*

MARY McINERNEY, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (HENRY H. CALDWELL, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arose from the death of a police officer employed by the Chicago Police Department, Chicago, Illinois. The Claimant seeks payment of compensation as the decedent's beneficiary pursuant to the provisions of the "Law Enforcement and Firemen Compensation Act", (hereafter, the Act). Ill. Rev. Stat. 1977, ch. 48, par. 281 *et seq.*

The court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Attorney General, a written statement of the decedent's supervising officer, and a report by the Illinois Attorney General's office. Based on these documents, the court finds as follows:

1. That the Claimant, Mary McInerney, is the wife and designated beneficiary of the decedent.

2. That the decedent George W. McInerney, was a Chicago police officer assigned to major accident in-

vestigation section and was also on active reserve during the fire department strike at this time, and was so employed on February 26, 1980.

3. That on said date, decedent had commenced work at 6:30 a.m. The statement of the supervising officer of the decedent indicates that Mr. McInerney became ill at his desk and was excused from duty at 11:30 a.m. No injury, however, was suffered by deceased while on duty on this date. He apparently became violently ill upon getting into his personal vehicle, vomitted and temporarily lost consciousness. This occurred at least one more time before his arrival at his home. Shortly after his arrival home, an ambulance was summoned and Officer McInerney was taken to the hospital. His death followed on February 27, 1980. The medical certificate of death shows that the immediate cause of death to be a massive cerebral vascular hemorrhage due to, or as a consequence of, hypertension the deceased had suffered for six years.

4. That the death of George W. McInerney did not stem from circumstances which involved loss of life as a result of injury received in the active performance of duties as a law enforcement officer. Furthermore, the injury which led to the death of the deceased did not arise from violence or accidental causes. Therefore Officer McInerney was not "killed in the line of duty" as defined in Section 2(e) of the Act.

We find therefore:

a) that Officer McInerney was not killed in the line of duty as defined in 2(e) of the Act, and

b) that the proof submitted in support of this claim does not satisfy the requirements of the Act, and the claim is therefore not compensable thereunder.

It is hereby ordered that the claim of Mary McInerney as wife of the deceased police officer, George W. McInerney, be denied.