(No. 00174–

*In re* APPLICATION OF MARY FEEHAN.
*Opinion filed October 1, 1980.*

RICHARD ROCHESTER, for Claimant.

WILLIAM J. SCOTT, Attorney General, for Respondent.

293

PER CURIAM.

The applicant, Mary Feehan, seeks compensation for benefits under the provisions of the Law Enforcement Officers and Firemen Compensation Act, Ill. Rev. Stat., ch. 48, par. 281 et seq. as a result of the death of her husband, Terry Wayne Feehan, on March 26, 1979.

There is no designation of beneficiary form on file with either the Court or the Attorney General regarding this matter. In this situation Section 3(a) of the Act provides that the surviving spouse of the deceased is entitled to the entire award if the Court finds that an award should be made. Mrs. Feehan therefore properly appears in the Court of Claims seeking said award.

Decedent was employed as an investigator by the Mercer County Sheriff's Police in Aledo, Illinois. On March 26, 1979, he was discovered unconscious in a restroom on the third floor of the Mercer County Court-house. He was pronounced dead by the county coroner at 12:30 p.m. The cause of death was determined to be a cardiac arrest due to a left coronary occlusion and premature atherosclerosis.

Section 3 of the Act states in pertinent part that if a claim therefor is made within one year of the date of death of the law enforcement officer killed in the line of duty, compensation in the amount of $20,000 shall be paid to the proper claimant. There is no question that Mrs. Feehan complied with all the procedural require-ments of the Act. A hearing was held to determine if this claim met the other requirements for compensation.

At the hearing the parties made arguments citing *Georgean v. State* (1973), 28 Ill. Ct. Cl. 408. We recently had occasion to comment on that case. See *In Re Parchert*, Case No. 00151, filed August 18, 1980. In that case the claim was denied because the decedent did not

fall within the statutory definition of a law enforcement officer due to the purely clerical duties his job entailed. He did not have a position involving the enforcement of the law and the protection of the public interest at the risk of his life. In the case at bar Mr. Feehan did hold such a position. The records of the sheriff of Mercer County, which were admitted into evidence, clearly indicate Mr. Feehan routinely performed functions which would bring his position within section 2(a) of the Act, the definition of a law enforcement officer.

Having found Mr. Feehan to have been a law enforcement officer, we turn to the second issue raised in this case: whether or not Mr. Feehan was killed in the line of duty as required by section 3 of the Act. Section 2(a) defines "killed in the line of duty" as losing one's life as a result of injury received in the active performance of duties as a law enforcement officer if death occurs within one year from the date the injury was received and if that injury arose from violence or other accidental cause. The fact that the cause of death is a heart attack is not a bar to compensation as this Court has many times granted an award in such situations in the past.

Cases involving heart attacks do comprise the most difficult of the claims made, however, a heart attack can be the result of a myriad of causes or a single event. A bad heart condition may exist for a long period of time before an event triggers a heart attack or it may occur very suddenly. It is rare, if ever, one can say for a legal certainty that one certain event caused a certain heart attack. The Court recognizes this, and it recognizes that police work involves stress and strain which can lead to heart attacks. In the past the Court has taken this into account while still adhering to a literal administration of the Act. *Parchert, supra.*

In cases involving heart attack victims we therefore

look to the circumstances and events of the decedent's life leading up to the death. In so doing we need not limit our examination to a single stressful or strenuous event such as in *Burgholzer* (1973), 28 Ill. Ct. Cl. 406, *McBurney* (1972), 28 Ill. Ct. Cl. 404, or *O'Neill* (1973), 29 Ill. Ct. Cl. 529. While the heart attack must have been a result of the active performance of duty, in certain cases it becomes relevant to look at circumstances and events further preceding the death than those occurring solely on the day of the heart attack as far as is practical and not overly remote. A pattern of exigent circumstances may in some cases have a cumulative effect of leading up to and resulting in a heart attack. This is a difficult determination to make but one which nevertheless must be made in administering the Act without the benefit of clear and concise standards and in taking into account the physiological realities of heart attack causation. Such is the situation presented in the case at bar.

The sequence of events leading up to Mr. Feehan's death is not precisely clear from the evidence and testimony. The following is what we find to have transpired. Looking at Mr. Feehan's recent work history we find that he put in an extraordinary amount of overtime in the active performance of stressful police duties way beyond a normal forty hour work week. For the month of January, 1979 he worked a total of 243 hours. In February, 1979 he worked 211 hours. At the time of his death in March of 1979 he had already put in 186 hours for that month. Although the records tend to indicate that he was supposed to be off during the weekends, it is also apparent from the records, that he was on call should anything arise and did get called out from time to time. During one 72 hour period shortly before his death he worked 47 hours. At one point in that stretch of time he worked over 19 consecutive hours out of necessity

due to exigent circumstances. That work consisted of investigating crimes committed and about to be committed, making arrests, performing searches, and conducting surveillance and stakeouts in connection with a burglary and drug dealing.

On the day of his death Mr. Feehan began duty at 7:45 a.m. That morning he traveled outside the county to deliver evidence seized to a crime lab for analysis. Upon returning to the county he was called in to testify at a hearing in a burglary case that he had handled. He was previously unaware that he would have to testify that day. He completed his testimony at approximately 11:35, having been on the stand for approximately 30 minutes, and apparently left the courtroom for the restroom where he died shortly thereafter.

We find that the specific facts in this case as set forth above constitute a compensable claim under the Act in that recent exigent circumstances involving extraordinarily long hours spent in the active performance of stressful duties had the cumulative effect of resulting in death of Mr. Feehan while he was in the active performance of duty. In conjunction with said find we further find that such facts constitute injury arising from violence and other accidental cause.

Having found that the proof submitted in support of this claim satisfies all requirements of the Act, we hereby order the sum of $20,000.00 be awarded to Mary Feehan, wife of the deceased law enforcement officer, Terry Wayne Feehan.