(No. 00192—)

Norma J. Wierciak, Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed February 23, 1981.*

Lechien and Associates, Ltd., for Claimant.

Tyrone C. Fahner, Attorney General (Henry H. Caldwell, Assistant Attorney General, of counsel), for Respondent.

Per Curiam.

This claim is before this Court by reason of the death of Edward Wierciak, formerly a Detective Sergeant employed by the City of East St. Louis, and who died while on duty on January 4, 1980. The Claimant seeks payment by way of an application for benefits under Ill. Rev. Stat. 1979, ch. 48, par. 281, *et seq.*

The application for benefits shows that decedent was found at his desk about 8:32 a.m. on January 4, 1980, seated at his desk lying face down on top of the desk. He

was removed to St. Mary's Hospital, was given emergency treatment there to no avail. The officer was pronounced dead of a heart attack.

The court has given careful consideration to the report of the Attorney General of Illinois and to the application for benefits. The Attorney General of Illinois has recommended that we deny the application.

Colonel Morrison, supervising officer, prepared a statement to the effect that decedent, Detective Stewart, and Detective Brinkley were in the investigation section of the police department. They heard loud grunts coming from Detective Wierciak's office, and observed him seated at his desk but lying face down on the desk. Attempts to revive decedent failed, and he was removed to St. Mary's Hospital as we have noted.

The application for benefits shows death to have been caused by a heart attack. The application reads, in part, at page 2:

"° ° ° This injury was a result of prolonged stress and anxiety of being a police officer."

It should be noted that there is nothing in the application to show any injury, or other unusual force which might cause a heart attack. The decedent was seated at his desk when the attack was observed by his fellow officers.

The Act (Ill. Rev. Stat. 1979, ch. 48, par. 281 *et seq.*) controls. Section 2(e) of the Act reads:

"(e) killed in line of duty means losing one's life as a result of injury received in the active performance of duties as a law enforcement officer or fireman if the death occurs within one year from the date the injury was received and if that injury arose from violence or other accidental causes ° ° °."

Claimant's application for benefits makes no reference to an act of violence as a cause of death, nor does it make any reference to an injury arising from an accident incurred in line of duty.

Recently, this court filed its opinion in *McInerney v. State of Illinois*, No. 00187, on August 15, 1980, denying an application for benefits. In that claim, it appeared that death of the officer, who became ill at his desk, was the result of a cerebral hemorrhage arising from hypertension covering a period of six years. In the application now under judgment, it must be observed that Detective Wierciak's death was markedly similar to the death of Officer McInerney, especially to the cause of death, and, by reason of the lack of any violence or injury which could be considered to be an effective cause of death.

Accordingly, we find:

1. That Norma J. Wierciak is the widow of Detective Edward Wierciak of the East St. Louis Police Department.

2. That decedent was on duty on January 4, 1980.

3. That on that date, decedent had commenced work at 8:00 a.m. and died about 8:32 a.m. in St. Mary's Hospital from a heart attack described as an acute myocardial infarction and as a coronary arteriosclerotic heart disease, caused by prolonged stress and anxiety.

4. That Detective Wierciak's death was not the result of loss of life from an injury received in the performance of duties as a law enforcement officer and, that the injury causing death did not arise from violence or an accidental incident.

We find therefore:

a) that Det. Wierciak was not killed in the line of duty as defined in section 2(e) of the Act;

b) that the proof submitted in support of this claim does not satisfy the requirements of the Act, and the claim herein is not compensable thereunder.

It is hereby ordered that the claim of Norma J. Wierciak be denied.