(No. 81-CC-2079–▮▮▮▮▮▮▮▮

*In re* APPLICATION OF BONNIE MAROUSEK.

*Opinion filed June 11, 1981.*

BONNIE MAROUSEK, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (ANDREW R. JARETT, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of the death of Robert E. Marousek, Sr., a police officer for the City of Chicago. The decedent's widow seeks compensation pursuant to the provisions of the "Law Enforcement Officers and Firemen Compensation Act" (the Act) (Ill. Rev. Stat.,

1979, ch. 48, par. 281 *et seq.*). The Claimant is the widow of the decedent as indicated by the verified application for benefits and as noted on the death certificate attached to the report of the Attorney General.

On February 28, 1981, the decedent was on duty, responding to a man down call at 15 South Aberdeen, Chicago, Ill. Upon arriving at the scene, Officer Marousek and his partner, Officer Kent, found the man down to be D.O.A. Whereupon Officers Marousek and Kent loaded the victim onto a stretcher and placed it into the police vehicle to be taken to the nearest hospital.

After placing the victim into the vehicle, Officer Kent turned around and saw the decedent collapsed on the ground. Officer Marousek was pronounced D.O.A. at the University of Illinois Hospital of arteriosclerotic heart disease. Investigation by the Attorney General indicates that the decedent had a 'flawless' medical history and no prior history of heart disease.

This court has on previous occasions considered other cases involving heart attacks and whether such deaths are compensable under the Act. The test has been whether the decedent lost his life as a result of injury arising from an accidental cause received in the active performance of his duties. In re *Application of Parchert*, No. 00151, decided June 4, 1980.

Applying that standard in the instant claim, this court finds that the heart attack arose while Marousek was actively performing his assigned duties as a police officer.

The Act is concerned with providing additional compensation to those certain members of the public who perform services on behalf of governmental agencies which benefit the public as a whole. Here, Mr. Marousek had responded to a call to assist a man down. His heart

attack apparently resulted from the exertion of lifting the victim into the police vehicle. On the facts, this is a close case, the determining factor being that the decedent had engaged in physical activity which brought on the fatal result. Had the decedent been engaged in a passive activity, such as sitting at a desk, or standing, this court may well have reached a different conclusion. Under these circumstances, we find this claim is compensable under the Act.

It is hereby ordered that the sum of $20,000.00 (twenty thousand dollars) be, and hereby is awarded to Bonnie Marousek, widow of Robert E. Marousek, Sr., decedent.