(No. 81-CC-2813—)

In re APPLICATION OF FLORENCE J. WARD, Administratrix of the Estate of JAMES WARD, Deceased.

*Opinion filed August 19, 1981.*

PANTER, NELSON & BERNFIELD, LTD., for Claimant.

TYRONE C. FAHNER, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

This cause comes on to be heard on the motion of

Respondent to dismiss and the reply thereto filed by the Applicant, due notice having been given, and the Court being fully advised.

This is a claim for benefits under the provisions of Law Enforcement Officers and Firemen Compensation Act hereinafter referred to as the Act (Ill. Rev. Stat. 1971, ch. 48, par 281 *et seq.*) Florence J. Ward, wife of James Ward, a fireman employed by the Chicago Fire Department, made the application as administratrix of his estate.

James Ward died on February 23, 1971. The application was filed on March 3, 1972. Over nine years later, the State moved to dismiss this claim based on the running of the applicable statute of limitations. In support of its motion, the State points out that sections 3 and 4 of the Act provide in pertinent part as follows:

"If a claim therefor is made within one year of the date of death of the . . . fireman. . . ."

o o o

"Notwithstanding Section 3, no compensation is payable under this Act unless a claim therefor is filed, within the time specified by that Section. . . .".

Because the time between the date of James Ward's death and the date the application filed was in excess of one year, we find that the statute of limitations had run and are bound by law to grant the State's motion to dismiss this claim. Regardless of the vagueness of much of the rest of the Act which the Court has had to interpret over the years, the one-year limitation is clear and unequivocal.

In her reply to the State's motion, the Applicant asserts that the State's motion should be barred by the doctrine of *laches*. Indeed this position would probably be well taken in courts of the judicial branch with general jurisdiction inasmuch as no action was taken on

her claim for six and one half years, pretrial hearings were held in 1979 and 1980, Applicant was allowed to retain counsel on her behalf and required to submit additional documents in support of the claim, etc. However, the doctrine of *laches* is an equitable defense and this Court has steadfastly recognized that it does not have equitable jurisdiction.

Accordingly, we reluctantly dismiss this claim.