(No. 82-CC-1921—)

*In re* APPLICATION OF EUNICE J. RIVERS.

· *Opinion filed January 11, 1983.*

EUNICE J. RIVERS, *pro se,* for Claimant.

NEIL F. HARTIGAN, Attorney General (EDWARD C. HURLEY, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

The Claimant herein, Eunice J. Rivers, seeks an award based upon the provisions of the Law Enforcement Officers and Firemen Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 281 *et seq.*), by reason of the death of her husband, Allen Albert Rivers, Jr., who died on December 29, 1981, while on duty at the University of Illinois police department.

The decedent was a 51-year-old male employed as a field supervisor on the University of Illinois police department. His duties required him to work both inside at a desk and outside in good weather and bad. During the one-year period immediately preceding the date of his death he suffered from diabetes, hypertension, poor circulation, swelling of the feet and legs, and chronic lung disease. The decedent was overweight, had difficulty controlling his weight and ate when he was nervous or upset from his job. During the three weeks immediately preceding his death, Mr. Rivers showed signs of fatigue, had difficulty sleeping, and would nod off during the day, even while engaged in conversation. Additionally,

Mr. Rivers was suffering from an ulcer on his leg, swelling of his legs and the residual effects of severe frostbite which occurred while he was on duty, but not within the one-year period preceding his death. On December 18, 1981, he was advised by his physician, Victor S. Wojnar, M.D., to enter the hospital, which the decedent refused to do.

Mr. Rivers, in the performance of his duties as an officer, worked 40 hours per week and additionally, he was required to work mandatory overtime. During the 10 days immediately preceding his death he worked a 40-hour week and, in addition to his regular duties on December 19, 1981, worked 3.8 hours of overtime; on December 22, 1981, he worked 3.8 hours of overtime; on December 25, 1981, he worked 3.8 hours of overtime.

On the morning of December 29, 1981, he arose from bed, stated that he was not feeling well and vomited prior to leaving for work. He drove to the police station in near zero temperatures and arrived sometime prior to 7:00 a.m. While on duty he was seen by his fellow officers to be gasping for breath. He collapsed and was taken by ambulance to Burnham City Hospital and at 7:58 a.m. was pronounced dead. The cause of death was massive myocardial infarction due to or as a consequence of hypertension.

The issue is whether Claimant's decedent was killed in the line of duty, as defined in section 2(e) of the Law Enforcement Officers and Firemen Compensation Act. (Ill. Rev. Stat. 1981, ch. 48, par. 282(e).

Although coverage of the Act is not limited to healthy persons, the preponderance of the evidence shows that Claimant's decedent was not killed in the line of duty, as defined under section 2(e) of the Law Enforcement Officers and Firemen Compensation Act (Ill. Rev. Stat. 1981,

ch. 48, par. 282(e)) and the guidelines set forth by the Court of Claims, as his death did not arise from "violence or other accidental cause." See *Wierciak v. State* (1982), No. 00192; *McInerny v. State* (1980), 34 Ill. Ct. Cl. 300; *Hedge v. State* (1982), No. 00195; *Balcer v. State* (1980), 34 Ill.Ct.Cl. 311, and *McNamara v. State* (1982), No. 81-CC-2814.

The Act provides for payment of compensation only in cases in which an officer is killed in the line of duty as stated in section 2(e) of the Act. To recover under the Act, Claimant must prove that decedent lost his life as a result of injury which arose from violence or other accidental cause. It is not disputed that the decedent was on duty at the time of his death. However, the circumstances under which the decedent died in no way satisfy the requirements of the Act, allowing compensation.

In all of the above cited cases, the Court denied an award because the claimant was unable to prove a violent or accidental cause leading to the heart attack. In the *McNamara* case, the Court said:

"Clearly there can be no recovery under the statute if Captain McNamara was not first injured. Death alone is not sufficient. It must be preceded by an injury. In all cases involving death by heart attack an effort is made to pin-point an injury which triggered the fatal attack."

Applying the above to the facts, it is clear that Mr. Rivers, in arriving at work, was not engaged in any activity which posed risks inherent in the job of law enforcement.

The Court must also consider its decision in light of the precedent it creates. By granting recovery the Court would adopt a position which essentially would allow compensation merely where an officer dies while at work. This position is inconsistent with the intent of the legislature.

It is therefore ordered that the claim of Eunice J. Rivers be, and hereby is, denied.