(No. 81-CC-2191—<span></span>

*In re* APPLICATION OF SANDRA GIDLEY.

*Opinion filed July 7, 1983.*

EUGENE F. KEEFE, for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This is a claim based on the provision of the Law Enforcement Officers and Firemen Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 281 *et seq.*), hereinafter referred to as the Act, by a widow of a Chicago police officer.

The question presented is whether the decedent was killed in the line of duty. The facts are undisputed. Claimant is the widow of Chicago police officer Vernon Gidley who died while on duty at 4:55 a.m., on March 26, 1981, of cardiac arrest.

Officer Gidley, at the time of his death, was on duty as a police dispatcher at a 911 emergency dispatch console. The job consisted of handling numerous emergency calls from the public and forwarding dispatch tickets to a fellow dispatcher for routing to officers or emergency personnel on the street. He was required to screen nuisance calls and to record every call.

The nature of the job is more stressful than would appear. Private citizens calling on emergencies require experienced police officers to respond. Many times the callers are argumentative. Some are screaming and some are crying. Sometimes one can hear gun shots in the background. The dispatcher must make decisions as to the proper emergency personnel to dispatch. The center or primary position of a three-man dispatch console is considered so stressful that the job is rotated so that no

one person stays at that position more than 1½ to 2 hours. Dispatchers are ranked as detectives.

Officer Gidley experienced chest pains approximately 18 months prior to his death. He was hospitalized on two occasions but no firm diagnosis of coronary artery disease was made. In March 1981 he began to note pain while at work but continued to work.

He started work on March 25, 1981, at about 11:00 p.m. During the course of his shift he worked for some unknown period at the primary position. At about 5:00 a.m. he collapsed. CPR was administered for about 45 minutes and thereafter he was removed to the hospital where he died.

Dr. Nathaniel Greenberg reviewed the records of Officer Gidley. It was his expert opinion that it was likely that Officer Gidley's sudden death was a direct consequence of his occupational tension.

The Act states:

"(e) Killed in line of duty means losing one's life as a result of injury received in the active performance of duties as a law enforcement officer or fireman if the death occurs within one year from the date the injury was received and if that injury arose from violence or other accidental causes." Ill. Rev. Stat. 1981, ch. 48, par. 282(e).

There was no evidence produced of an injury arising from violence or other accidental cause. The cases of *Wierciak v. State* (1981), 34 Ill. Ct. Cl. 302, and *McInerney v. State* (1980), 34 Ill. Ct. Cl. 300, are dispositive of the issues in this case. Nothing unusual occurred to Officer Gidley except the stress that the job normally produces. Under the circumstances, the facts do not show compliance with the statutory definition of "killed in the line of duty" and it is the opinion of this Court that the claim is hereby denied.