(No. 82-CC-0209-)

*In re* APPLICATION OF PEGGY L. SPARLING.

*Opinion filed August 4, 1983.*

JOHN J. BLAKE, for Claimant.

NEIL F. HARTIGAN, Attorney General (EDWARD C. HURLEY, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This is a claim brought by Peggy L. Sparling who seeks an award, pursuant to the provisions of the Law Enforcement Officers and Firemen Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 281 *et seq.*), by reason of the death of her husband, Galesburg police Lt. Ralph E. Sparling. Lieutenant Sparling died while off duty on June 19, 1981, after suffering a heart attack. The parties have submitted the matter for determination upon the evidence depositions taken on October 13, 1982. All briefs have been submitted and the matter now comes on for the Court's decision.

The decedent held the position of second watch commander in the Galesburg Police Department at the time of his death. He was a member of that department for over 20 years. For most of the one-year period preceding his death, Lt. Sparling was placed in charge of two eight-hour shifts due to a shortage of supervisory personnel. Because of the additional responsibilities he took on, as well as the additional time spent on the job,

Lt. Sparling had experienced considerable stress and anxiety.

On June 17, 1981, two days before the fatal heart attack, Lt. Sparling was in charge of the City's canine tracking operation as it attempted to track several stolen vehicle suspects. The operation took place sometime around 11:00 p.m., the time that Lt. Sparling was scheduled to get off duty. The operation lasted for over an hour, covered almost three miles of rough terrain at a brisk pace, and weather conditions were hot and humid.

On June 18, 1981, the day prior to the fatal heart attack, and on two occasions during his eight-hour shift, the decedent was required to lift and carry a fire hydrant with a weight somewhere between 200 and 300 pounds.

After his shift was over, Lt. Sparling arrived at his home sometime after midnight and immediately began complaining that he was not feeling well. The next morning, June 19, 1981, he continued to complain and at approximately 3:00 p.m., he went to the office of Dr. Jeffrey Hill, where he subsequently died due to myocardial infarction, secondary to coronary artery occlusion.

It was the opinion of Dr. Hill, who examined Lt. Sparling immediately prior to his death, that the overall work-related stress and anxiety as well as the hydrant and tracking incidents could have indeed caused Lt. Sparling's death. It was Dr. Hill's testimony that Lt. Sparling suffered from coronary artery disease and that the stress as well as the hydrant and tracking incidents could easily have precipitated the actual attack. It was clearly Dr. Hill's opinion that these items were causally connected to the heart attack.

The issue in this case is whether Lt. Sparling was

killed in the line of duty as stated in subsection 2(3) of the Act. (Ill. Rev. Stat. 1981, ch. 48, par. 282(e).) The test has been whether the decedent lost his life as a result of injury arising from an accidental cause received in the active performance of his duties. *In re Application of Woodworth* (1981), 34 Ill. Ct. Cl. 298.

The resolution of this case on its facts is a difficult one. The State cites several cases in its brief which, according to the State, require that this claim be denied. In *Wierciak v. State* (1981), 34 Ill. Ct. Cl. 302, (death due to a heart attack), and *McInerney v. State* (1981), 34 Ill. Ct. Cl. 300, (death due to cerebral hemorrhage), the Court denied benefits where there was evidence of general work-related stress and anxiety. In these two cases, however, there was no incident or combination of incidents occurring that could have been considered "an injury". Similarly, the facts in *In re Application of Rivers* (1983), 35 Ill. Ct. Cl. 921, and *In re Application of McNamara* (1982), 35 Ill. Ct. Cl. 932, indicate that, while the officers suffered from general stress in each case, there was no injury preceding the heart attack.

The facts of the case at bar include identifiable incidents, specifically the lifting of the fire hydrant and the tracking of the stolen vehicle suspects, which coupled with the ongoing general stress and anxiety, precipitated the fatal heart attack. The specific incidents, therefore, distinguish the facts of this case from the facts of those cases cited by the State. The question then is whether the facts and circumstances leading to the heart attack constitute physical activity, job related, and sufficient to be classified as an injury. *In re Application of Marousek* (1981), 34 Ill. Ct. Cl. 309.

The Court is of the opinion that the application for benefits should be allowed. While a compensable heart

attack must be triggered by an injury it is not required that the injury be one that is obvious and sudden. The Court has recognized that heart attacks can be the result of a single incident or a combination of many things. The cumulative effect of recent exigent circumstances contributing to a heart attack has been held to constitute injury. *In re Application of Feehan* (1981), 34 Ill. Ct. Cl. 293.

Dr. Hill's testimony is unrefuted. The series of job-related exigent circumstances preceding Lt. Sparling's death had the cumulative effect of causing or contributing to the heart attack. Taken together, the job stress, the long hours, and the fire hydrant and tracking incidents are an "injury" within the meaning of the Act. While it is true that Lt. Sparling suffered from underlying coronary artery disease, coverage under the Act is not limited to healthy persons. *In re Application of Parchert* (1980), 33 Ill. Ct. Cl. 312.

It is therefore ordered the application for benefits herein be granted and the applicant is hereby awarded the sum of $20,000.00.