(No. 82-CC-048▋▋▋▋▋▋

*In re* APPLICATION OF BERTHA PAPPALARDO.

*Opinion filed March 25, 1985.*

*Order filed June 3, 1985.*

TULLY, RODDY & WEINSTEIN, for Claimant.

NEIL F. HARTIGAN, Attorney General (SAUL R. WEXLER, Special Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This is a claim for benefits filed pursuant to the Law Enforcement Officers, Civil Defense Workers, Civil Air Patrol Members, Paramedics and Firemen Compensation Act (Ill. Rev. Stat., ch. 48, par. 281 *et seq.*) (hereinafter referred to as the Act) by Bertha Pappalardo, widow of Police Sergeant Carmen Pappalardo, who died of an acute inferior wall myocardial infarction due to or as a consequence of coronary heart disease after being on duty for the City of Chicago. Mrs. Pappalardo was named the sole beneficiary of any award authorized by this Court.

The record consists of the claim, designation of beneficiary, statement of supervising officer, certificate of death, Attorney General's report, partial stipulation of facts, evidence deposition of Claimant's expert witness, and briefs and arguments submitted by counsel for both parties. Based on the record, the commissioner has duly

filed his report and the matter is now before us for a decision.

The sole issue is whether Officer Carmen Pappalardo's death meets the requisite of being "killed in the line of duty" as defined in section 2(e) of the Act which provides, in relevant part, that " 'killed in the line of duty' means losing one's life as a result of injury received in the active performance of duties as a law enforcement officer * * * if the death occurs within one year from the date the injury was received and if that injury arose from violence or other accidental cause."

The record reflects that Officer Carmen Pappalardo was an area administrative sergeant performing clerical duties prior to his death on August 19, 1981. On the Saturday preceding his death, he complained of chest pains and nausea. On August 17, 1981, he was seen by his physician and given an EKG which was noted to be abnormal. On Tuesday, August 18, 1981, he continued to experience chest pains and left work early. The next morning he was taken by ambulance to Weiss Memorial Hospital where he was pronounced dead several hours later. The cause of death was acute myocardial infarction.

The record further reflects that Dr. William Wehrmacher, who testified as an expert witness for Claimant, did not establish a causal connection between the decedent's duties as an area administrative sergeant and his death. The doctor noted that the decedent was both physically and emotionally predisposed to heart disease and that it was likely that he would have died of a heart attack in any job that subjected him to stress. In addition, he noted the likelihood of his dying of a heart attack was enhanced by the decedent's cigarette smoking and being overweight. Finally, there is no

evidence that unusual stress was present on the decedent's last day of work.

Although coverage of the Act is not limited to healthy persons, the preponderance of the evidence shows that Claimant's decedent was not killed in the line of duty, as defined under section 2(e) of the Act and the guidelines set forth by the Court of Claims, as his death did not arise from "violence or other accidental cause" since no injury, or other unusual force, has been shown which might have caused the heart attack. (See *Wierciak v. State* (1981), 34 Ill. Ct. Cl. 302; *McNamara v. State*, 81-CC-2814 (opinion filed August 23, 1982).) In the *McNamara* case, the Court said at page 3 of the opinion:

"Clearly there can be no recovery under the statute if Captain McNamara was not first injured. Death alone is not sufficient. It must be preceded by an 'injury.' In all cases involving death by 'heart attack' an effort is made to pinpoint injury which triggered the fatal attack."

While the death of Sargeant Pappalardo was certainly unfortunate, we find that it has not been shown that he was killed in the line of duty as is required for recovery under the Act. Therefore this claim must be denied.

It is hereby ordered that this claim be, and hereby is, denied.

## ORDER

Montana, C.J.

Claimant has filed a petition for rehearing. The Court has reviewed the petition, its original opinion and the record in this case. Unfortunately, no basis exists for the Court modifying its opinion filed March 25, 1985. The petition for rehearing is denied.