(No. 82-CC-0215–

WIL-FREDS, INC., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed July 1, 1982.*

*Order filed September 15, 1982.*

*Opinion filed February 23, 1989.*

O'HALLORAN, LIVELY & WALKER and JOHNSON, CUSACK, BELL, O'HALLORAN & DEMARET, LTD. (PAUL T. LIVELY, of counsel), for Claimant.

TYRONE C. FAHNER and NEIL F. HARTIGAN, Attorneys General (GLEN P. LARNER and ERIN O'CONNELL, Assistant Attorneys General, of counsel), for Respondent.

## ORDER

HOLDERMAN, J.

This matter comes before the Court upon motion by Claimant for partial summary judgment in two amounts: the amount of $2,340.85 and a second amount of $1,787. Claimant bases its motion on the fact that Respondent's answer in this cause, filed April 2, 1982, concedes that Claimant is entitled to the above two amounts.

Claimant's motion for partial summary judgment was filed April 12, 1982, and Respondent has not filed an answer to said motion except in its answers to interrogatories filed June 1, 1982.

It is hereby ordered that Claimant's motion for partial summary judgment be, and the same is, granted, and an award is hereby entered in favor of Claimant in the amount of $4,127.85.

## ORDER

HOLDERMAN, J.

This matter comes before the Court on the joint stipulation of the parties, which states as follows:

1. That the instant claim is based upon a contract between Claimant and Respondent for the construction

of McCormick Elementary School (CDB Project No. 761-031-020).

2. That the complaint alleges in five separate counts that certain acts and occasions of a failure to act were in breach of the contract and caused Claimant to suffer damages in the amount of $96,658.05.

3. That Count II and a portion of Count V of the complaint have been resolved in Claimant's favor through a motion for summary judgment and the Court's order of July 1, 1982, awarding Claimant $4,127.85.

4. That in the interest of reducing the time and expense of trial and in recognition of a limited amount of liability on Respondent's part, Respondent and Claimant have agreed to partially settle the instant claim.

5. That the parties agree to an award of $12,656.50 in full and final satisfaction of Count I of the complaint.

6. That the parties agree to an award of $3,685.50 in full and final satisfaction of Count V of the complaint.

7. That the parties agree that Count III of the complaint be dismissed with prejudice and that Claimant be barred forever from seeking damages from Respondent for the occurrence alleged in this Count.

8. That the total amount agreed upon herein equals $16,342.

9. That this stipulation expressly reserves Count IV of the complaint to be determined by a hearing limited to the issues raised therein.

10. That this stipulation is being made with the intention of eliminating all matters from controversy except for Count IV of the complaint.

11. That it is agreed that an award of $16,342 will

constitute full and final satisfaction of Count I, Count III and Count V of the complaint (Count II having been already resolved by the Court's order of July 1, 1982).

12. That the parties agree to waive hearing and the filing of briefs on all issues and allegations of the complaint other than those contained in Count IV.

Although the Court is not bound by this stipulation, it does not, as a rule, desire to interpose a controversy between parties where none seems to exist. The instant stipulation, which would eliminate from contention all matters and issues in the complaint other than those in Count IV, appears to have been entered into fairly and with full knowledge of the facts and applicable law. This being the case, we see no reason not to honor the request of the parties.

Claimant is hereby awarded the sum of $16,342 in full and final satisfaction of Counts I, III and V of the complaint. This order, and the Court's order of July 1, 1982, eliminate from controversy the matters contained in Counts I, II, III and V, specifically reserving Count IV for a trial on the merits.

## OPINION

RAUCCI, J.

This claim is made against the State of Illinois and in particular the Capital Development Board.

During the course of pretrial conferences all matters in the complaint were resolved, either by stipulation or dismissal with the exception of Claimant's original Count IV of the complaint.

The parties did stipulate that the damages to be awarded, if the Claimant were to prove its cause of action on Count IV, would be $6,221.39.

The Claimant's case, including all testimony and the documents admitted into evidence, centers around the fact that the Capital Development Board (CDB) solicited bids on the construction of the McCormick Elementary School in Chicago, Illinois. The Claimant also bid on the CDB's solicitation as to alternate bid G-2 with regard to the cost of providing off-hour security service. This alternate bid was considered to be an "add to." The Claimant's bid for the base work was accepted, that being the third and final phase of the construction project. Their bid with regard to security service was not accepted.

The Claimant entered into a contract with the CDB pursuant to the "standard documents for construction" which set out duties and responsibilities of the parties to the contract. In accordance with those general conditions, particularly 01010 1.02(b), it designated the general contractor as a party required to purchase and maintain builder's risk insurance. This requirement mandated that the Claimant purchase the insurance. This requirement mandated that the Claimant purchase the builder's risk insurance with a deductible not to exceed $1,000. The Claimant did purchase said insurance to that deductible limit.

The Claimant's evidence established that on various occasions they suffered vandalism or theft which was documented.

The Claimant testified that since it was not granted the "add to" contract, it relied to its detriment on the Respondent to provide security to prevent said losses.

In its brief, Claimant argues that conduct of the Respondent in using the alternative bid format caused Wil-Freds to assume that Respondent would provide anticipated security. The Claimant's argument is that the

legal principle germane to the resolution of this issue falls within the well recognized legal doctrine of promissory estoppel. Claimant alleges that it has proved a cause of action under promissory estoppel and that an award should be entered in the stipulated amount.

The Respondent, in its brief, asserts the defense that the Court of Claims has no jurisdiction over any claim predicated upon equitable doctrines, including promissory estoppel.

Promissory estoppel is an equitable doctrine offering relief where no legal remedy may be available. This Court has held that it has no jurisdiction over claims sounding in equity. See *In re Application of Ward* (1981), 35 Ill. Ct. Cl. 398.

The Claimant contends, because of the bidding procedure, it should have been able to rely on the Respondent to provide security at the job site. However, nothing about the procedure indicated that the standard documents for construction were not to apply. In fact, the Claimant did enter into a contractual arrangement in which it did have the obligation to provide its own builder's risk insurance. The Claimant elected to purchase the insurance with the highest deductible amount. Claimant now comes and asks for further indemnification because it elected to take on the highest risk possible.

Even if this Court were to have jurisdiction over equitable causes of action such as promissory estoppel, the Claimant did not meet its burden to show that the Respondent knowingly issued statements in the bidding process, or created a circumstance on which the Claimant could rely. Further, the Claimant failed to prove that any of its reliances directly caused any of the detriment suffered. If the Respondent were to cause the Claimant

to rely on the alternative bid process, that alone did not create the damages suffered by the Claimant. The Claimant did enter into the contract knowingly and did purchase the risk insurance intentionally allowing the deductible to be the highest permitted.

Therefore, it is ordered, adjudged and decreed that this Claim is dismissed and forever barred.