(No. 90-CC-3227—

*In re* APPLICATION OF JANET M. LUCE, Claimant.

*Opinion filed November 19, 1991.*
*Order filed May 13, 1993.*

MARK A. PAZZANELLA, LTD., for Claimant.

ROLAND W. BURRIS, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

## OPINION

MONTANA, C.J.

This claim is before the Court by reason of the death of William J. Luce, who was a police officer with the City of Chicago Police Department. The decedent's surviving spouse, Janet M. Luce, seeks compensation pursuant to the terms and provisions of the Law Enforcement Officers and Firemen Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 281 *et seq.*), hereinafter referred to as the Act.

The Court has carefully considered the claim for death benefits submitted by the Claimant, together with the written statement of Officer Luce's supervising officer and documentation submitted therewith, the medical examiner's certificate of death, and the report of the Attorney General.

The record reveals that Officer Luce allegedly suffered radiation contamination while participating in a special Chicago police training seminar at Argonne National Laboratory on August 27, 1980. The participants in the seminar were testing nightvision rifle sights which contained a radioactive isotope called Promethium 147. The capsule containing the isotope apparently broke in one of the sights, directly exposing a number of the testers, including Officer Luce, to the radiation. Officer Luce died almost nine years later, on August 14, 1989. The medical examiner's certificate of death indicates that Officer Luce was pronounced dead on August 14, 1989, at Michael Reese Hospital in Chicago. The cause of death is

listed as metastatic parotid carcinoma.

For an award to be granted pursuant to the Act it must be shown that the officer was killed in the line of duty as defined in the Act. Section 2(e) of the Act provides, in relevant part, that

"'killed in the line of duty' means losing one's life as a result of injury received in the active performance of duties as a law enforcement officer ° ° ° if the death occurs within one year from the date the injury was received ° ° °."

The record before this Court indicates that Officer Luce allegedly suffered his injury on August 27, 1980. His death did not occur until almost nine years later, on August 14, 1989. Since section 2(e) of the Act requires that the death must occur within one year from the date the injury was received for an award to be granted, we have no alternative but to deny this claim.

Based on the foregoing, it is hereby ordered that this claim be, and hereby is, denied.

## ORDER

FREDERICK, J.

This cause coming on for hearing on Claimant's petition for rehearing, and the Court having considered the arguments of counsel, and the Court being fully advised in the premises,

Wherefore, the Court finds:

1. That the Claimant filed her claim for death benefits under the Law Enforcement Officers, Civil Defense Workers, Civil Air Patrol Members, Paramedics and Firemen Compensation Act on May 31, 1990.

2. The Attorney General filed his report on July 10, 1990, and made no recommendation in this matter.

3. This Court entered its opinion denying the claim on November 19, 1991.

4. Claimant filed her petition for rehearing on December 13, 1991.

5. Oral arguments were held on the petition before the Court on March 23, 1992.

6. That the Claimant's decedent was allegedly injured on August 27, 1980. The record reveals that Officer Luce allegedly suffered radiation contamination while participating in a special Chicago police training seminar at Argonne National Laboratory. The participants in the seminar were testing nightvision rifle sights which contained a radioactive isotope. The capsule containing the isotope apparently broke in one of the sights, directly exposing Officer Luce to radiation.

7. Officer Luce died on August 14, 1989, of metastatic parotid carcinoma.

8. Officer Luce discovered his cancerous condition on December 7, 1988.

9. Section 2(c) of the Act provides, in relevant part, that

"killed in the line of duty means losing one's life as a result of injury received in the active performance of duties as a law enforcement officer ° ° ° if the death occurs within one year from the date the injury was received ° ° °."

Therefore, it is the opinion of the Court:

A. That the petition for rehearing is denied.

B. This Court must find that the injury was received by Officer Luce on August 27, 1980. There is no other evidence before the Court that would indicate another date for the receipt of the injury. Claimant urges us to adopt and use a date of the discovery of the injury rule.

To do so would be to amend the statute which specifically states "if the death occurs within one year from the date the injury was received." We do not have the authority to amend the statute, as much as we may want to make an award on this case. The Court of Claims has no jurisdiction over claims sounding in equity. *Wil-Freds Inc. v. State* (1989), 41 Ill. Ct. Cl. 44; *In re Application of Ward* (1981), 35 Ill. Ct. Cl. 398.

In reviewing this case, this Court must find an injury which occurred within a year of the injury which caused the death to grant a recovery. While coverage under the Act is not limited to healthy people, we still must find an injury which occurs within the year. (*In re Application of Parchert* (1980), 33 Ill. Ct. Cl. 312; *In re Application of Sparling* (1983), 36 Ill. Ct. Cl. 353.) There is no evidence of an injury being inflicted within a year of Claimant's decedent's death in the present case. Discovery in 1988 of the prior injury in 1980 does not fulfill the requirement of the Act.

In the heart attack cases we have decided, we have always looked for something unusual that has occurred within the job that precipitates the heart attack before allowing recovery. (*In re Application of Gidley* (1983), 36 Ill. Ct. Cl. 350.) No unusual job-related circumstances within a year of the death have been related to the Court in this case. If there had been, we certainly would have considered an award. The Claimant has the burden of proof in this case of proving Claimant's decedent was killed in the line of duty within the meaning of the statute. (*In re Application of Lopez* (1987), 39 Ill. Ct. Cl. 315.) Unfortunately, the burden of proof has not been met.

This Court has been consistent in holding that the

death must occur within one year from the date the injury was received and that the injury must arise from violence or other accidental cause. (*In re Application of Berg* (1984), 36 Ill. Ct. Cl. 370; *In re Application of Waliczek* (1983), 35 Ill. Ct. Cl. 929.) This Court has previously denied a claim where cancer was the cause of death. *In re Application of Findlay* (1977), 32 Ill. Ct. Cl. 369.

As harsh a result as this may seem, it is the proper result under the evidence and law of the case. For the foregoing reasons, it is the order of this Court that the request for rehearing is denied and the claim is dismissed.