(No. 89-CC-3755-)

KEITH J. SENNSTROM, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 27, 1993.*

KEITH J. SENNSTROM, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (CYNTHIA WOOD, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

Claimant, Keith J. Sennstrom, brought this claim before the Court of Claims seeking recovery for $1,200 of services he allegedly rendered to the Respondent. Claimant alleged that the Department of Conservation refused to pay him on the grounds that funds appropriated for such payments had lapsed. A hearing was held on June 16, 1992, before the Commissioner assigned to the case, for which there is no transcript, the parties having agreed to waive the need of a transcript.

Claimant testified that an individual named John Brooks operated a hotel and restaurant concession at Illinois Beach State Park in Zion, Illinois. The concession was granted from the State of Illinois by agreement with

Brooke Inns of Lake Forest. Claimant was the general manager for Brooke Inns, the concessionaire. The concessionaire ultimately filed for bankruptcy and went out of business.

Subsequent to the closing of the concessionaire's business, Claimant testified that he had a conversation with Bob Grosso, the site superintendent for the Illinois Department of Conservation, wherein Mr. Grosso agreed to pay him $10 an hour to help clean up the premises and wrap up the business affairs. Claimant moved into the hotel to help protect it from vandalism and to be available to meet with potential tenants or concessionaires. Claimant did not establish the exact nature or the extent of the work that he performed.

Claimant stated that he worked from January 3, 1988, through February 11, 1988, for a total of 120 hours. Claimant testified that on February 12, 1988, Bob Grosso told Claimant that a check would be forwarded to him.

Claimant presented one document, which was admitted into the record. Claimant's exhibit is a handwritten note to Claimant from Bob Grosso stating that "the only way to resolve [the dispute] is through the Court of Claims."

On cross-examination, Claimant stated that he did not enter into a written contract with Bob Grosso or the State of Illinois. Claimant agreed that he did not receive any document that would indicate that he was an employee of the State and had not received any checks from the State.

At the hearing, Respondent presented two documents, which were admitted into the record. One document is a March 6, 1991, memorandum from Bob Grosso, wherein he opined that Claimant, "* * * remained after the bankruptcy * * * to represent the interests of John Brooks."

The Claimant seeks recovery on the basis of an oral contract of employment, or in the alternative, on the basis of *quantum meruit.*

For the Claimant to prevail on a contract theory, he must first prove the existence of a contract of employment. (*Dilbeck v. State* (1990), 42 Ill. Ct. Cl. 222.) In the case at bar, as in *Dilbeck, supra*, Claimant has presented no competent evidence to establish an employment contract, oral or written. If Claimant had been employed, at the very least a W-4 form would have been filled out. No W-4 form was presented in evidence. Claimant also failed to prove that authority existed for Mr. Grosso to employ Claimant for the State. Claimant also failed to prove the nature and extent of the work he was to perform. The State has denied a contract of employment with Claimant. Based on the authority of *Dilbeck v. State, supra*, Claimant's claim of an enforceable oral contract must fail.

Claimant's claim in *quantum meruit* must also fail as this Court has steadfastly recognized it does not have equitable jurisdiction. *Ward v. State* (1981), 35 Ill. Ct. Cl. 398; *Melvin v. State* (1989), 41 Ill. Ct. Cl. 88.

This may seem to be a harsh result for Claimant but it is the correct result. Claimant failed to meet his burden of proving an enforceable oral contract of employment. Those dealing with the State are presumed to know the law and deal with the State at their own peril. *Potter v. State* (1983), 36 Ill. Ct. Cl. 26.

Based on the foregoing, it is ordered that this claim is denied.