(No. 80-CC-0050–)

FRANK GUNDERSON AND ROBERT WOSLYUS, Claimants, *v*. THE
STATE OF ILLINOIS, Respondent.

*Opinion filed April 30, 1980.*

HOLDERMAN, J.

This matter comes before the Court upon motion for rehearing filed by Claimants and objections to said motion filed by Respondent.

Under date of February 4, 1980, this Court granted Respondent's motion for dismissal. On March 7, 1980, Claimant filed its motion for rehearing, and on March 20, 1980, Respondent filed its objection-answer to motion for rehearing.

The original cause of action was filed in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, on or about December 15, 1975, within the applicable five-year statute of limitations. This case was transferred to the Circuit Court of the First Judicial Circuit, Jackson County, Illinois, on January 24, 1978. The Circuit Court for the First Judicial Circuit of Jackson County dismissed this cause for want of jurisdiction. During the pendency of this action in the Circuit Court, the five-year statute of limitations expired on December 15, 1978.

It is Claimants' contention that under Ill. Rev. Stat. 1977, ch. 83, par. 24(a), they had one year from the time of the dismissal to file their cause in the Court of Claims.

It is Respondent's contention that under the old stat-

ute, Claimants' position would be correct but under the new statute it is not correct.

The facts show that the Circuit Court of Jackson County dismissed this case involuntarily for want of jurisdiction. Under the old statute, a plaintiff whose suit was dismissed involuntarily could commence a new action within one year of the dismissal order where the statute expired during the pendency of the suit. The statutory basis under the old statute was the language: "or, if the plaintiff has heretofore been non-suited or shall be non-suited."

Two cases are cited by Claimant, both of them being before the change in the statute of 1976.

It is Respondent's contention that the new statute affords protection only to plaintiffs whose law suits are voluntarily dismissed and its protection is unavailable to plaintiffs whose actions are involuntarily dismissed.

It is the opinion of this Court that under the new section of the statute, the statute of limitations had expired at the time of the filing of this claim and, therefore, the Respondent's objections to Claimant's motion for rehearing is correct.

It is hereby ordered that motion for rehearing be, and the same is, dismissed and objections to said motion are sustained. This cause is dismissed.