JACKIE EDWARDS, Plaintiff-Appellant, v. SAFER FOUNDATION, INC., d/b/a Crossroads Community Correction Center, Defendant-Appellee.

First District (2nd Division)   No. 87—3418

Opinion filed June 7, 1988.

Donald R. Brewer, of Donald R. Brewer, Chartered, of Chicago, for appellant.

Modesto, Reynolds & McDermott, of Chicago (Gregory G. Lawton, of counsel), for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff Jackie Edwards appeals from an order dismissing his refiled complaint as barred by section 13—202 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—202). This appeal raises the question of whether a claim dismissed for lack of jurisdiction in the Illinois Court of Claims, and otherwise barred by the applicable statute of limitations, may be refiled in the circuit court pursuant to section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217).

On November 12, 1985, Edwards filed a verified complaint in the Court of Claims against the Illinois Department of Corrections (Department) and defendant Safer Foundation, Inc. (Safer), doing business as Crossroads Community Correction Center (Crossroads), seeking damages for injuries he allegedly sustained at Crossroads on or about November 12, 1983. This initial filing evidently satisfied the limitations provisions of the Court of Claims Act (Ill. Rev. Stat. 1985, ch. 37, par. 439.22) (the Act)). Crossroads is a "halfway house" owned

and operated by Safer for individuals sentenced to custody of the Department.

Pursuant to motions filed by Safer and the Department, the claims court ordered the complaint dismissed as to the Department on March 28, 1986, and as to Safer on June 16, 1986, because: Safer is a private, not-for-profit corporation and therefore not amenable to suit in the Court of Claims; the Department "is in no way responsible for the incident complained of *** and should not have been named as a party"; and Edwards failed to exhaust his remedies against Safer as required by the Act. Ill. Rev. Stat. 1983, ch. 37, par. 439.24—5.

Citing section 13—217, Edwards refiled his complaint (refiled complaint) in the circuit court of Cook County on February 6, 1987, naming only Safer as defendant and asserting that on the date of the accident, Edwards, who was incarcerated and resided at Crossroads, entered a washroom at the facility; Safer negligently permitted accumulation of and failed to remove newspapers or "other foreign substances" on the washroom floor, causing Edwards to slip, fall and strike "his mouth, jaw and head"; and as a result, he sustained "severe and permanent injuries."

Safer moved to dismiss the refiled complaint on April 30, 1987, maintaining that: (1) Edwards improperly relied on section 13—217 to extend the period in which to refile his complaint, because the statute does not apply to actions dismissed by the Court of Claims; (2) the original complaint was a "nullity" and did not toll the running of the two-year statute of limitations, section 13—202 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—202); and (3) because the refiled complaint was filed "nearly 3½ years" after the incident complained of, the claim is barred by operation of section 13—202.

In his response and amended response, filed July 17 and October 9, 1987, respectively, Edwards conceded that section 13—217 does not by name permit the refiling of complaints dismissed from the Court of Claims, but insisted that the statute protects actions dismissed for lack of jurisdiction and thus never judged on the merits. Furthermore, Edwards argued that "[t]he spirit of [the] statute, the legislative intent behind it and general public policy dictate" Edwards' right to proceed with discovery and have the merits of his claim determined by a court of competent jurisdiction.

Following a hearing on October 15, 1987, the circuit court found no "legal justification" for Edwards' assertion that section 13—217 tolled the statute of limitations and dismissed the refiled complaint. He appeals.

Edwards insists the court erred in dismissing his refiled complaint

as barred by the statute of limitations and urges a broad construction of section 13—217 to include dismissal from the Court of Claims as one of the grounds triggering the statute's tolling effect. His procedurally defective decision to file in that court, he argues, was made in good faith and should not now be permitted to defeat an otherwise meritorious claim.

Safer maintains that the statute limits the refiling of complaints dismissed for lack of jurisdiction to those dismissed by a Federal district court (Ill. Rev. Stat. 1985, ch. 110, par. 13—217) and that there is no specific reference to complaints similarly dismissed by the Court of Claims.

■ Illinois courts recognize section 13—217's remedial purpose (*Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 46-47, 203 N.E.2d 415; *Fanaro v. First National Bank* (1987), 160 Ill. App. 3d 1030, 1034, 513 N.E.2d 1041; *Gendek v. Jehangir* (1987), 151 Ill. App. 3d 1028, 1031, 503 N.E.2d 1161, *aff'd* (1988), 119 Ill. 2d 338) and that it must be liberally construed to achieve that end (*Fanaro v. First National Bank*, 160 Ill. App. 3d at 1034; *Gendek v. Jehangir*, 151 Ill. App. 3d at 1031); section 13—217 exists to protect plaintiffs from complete loss of relief on the merits because of some procedural defect unrelated to the merits (*Gendek v. Jehangir* (1988), 119 Ill. 2d 338, 343, 518 N.E.2d 1051; *Roth v. Northern Assurance Co.*, 32 Ill. 2d at 48; *Fanaro v. First National Bank*, 160 Ill. App. 3d at 1034; *Walicek v. Ciba-Geigy Corp.* (1987), 155 Ill. App. 3d 667, 673, 508 N.E.2d 246).

In *Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 203 N.E.2d 415, for instance, the supreme court approved the refiling of a complaint in the circuit court following dismissal from the Federal district court for lack of jurisdiction. The court noted that refiling under those circumstances was not explicitly permitted by section 24 of the Limitations Act (Ill. Rev. Stat. 1963, ch. 83, par. 24a), predecessor of section 13—217; however, an opposite result would clearly contravene the statute's remedial purpose. (See *Roth v. Northern Assurance Co.*, 32 Ill. 2d at 42, citing *Sachs v. Ohio National Life Insurance Co.* (7th Cir. 1942), 131 F.2d 134, 137.) The court further stressed that " '[s]tatutes of limitation *** must be construed in light of their objectives. The basic policy of such statutes is to afford a defendant a fair opportunity to investigate the circumstances upon which liability against him is predicated while the facts are accessible.' " (*Roth v. Northern Assurance Co.*, 32 Ill. 2d at 49, quoting *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 289-90, 122 N.E.2d 540.) Where, as in the case at bar, defendant already

knows of plaintiff's claim, "the reasons for the statute of limitations do not exist" and the statute should be liberally applied. *Roth v. Northern Assurance Co.*, 32 Ill. 2d at 50, quoting *Geneva Construction Co. v. Martin Transfer & Storage Co.*, 4 Ill. 2d at 290; see also *Swiontek v. Greenstein* (1961), 33 Ill. App. 2d 355, 358, 179 N.E.2d 427.

In *Williams v. Medical Center Comm'n* (1975), 60 Ill. 2d 389, 328 N.E.2d 1, plaintiff's complaint against a State agency was dismissed from the circuit court for lack of jurisdiction. Ruling that the cause of action properly belonged in the Court of Claims, the court implicitly reaffirmed an expansive reading of section 24 by citing *Roth* as "authority for the proposition that the filing of the present action, although it was filed in the circuit court rather than in the court of claims, satisfies any statutory requirement of notice and filing." *Williams v. Medical Center Comm'n*, 60 Ill. 2d at 396.

In support of his position, Edwards also insists that certain language of section 13—217 demonstrates a legislative scheme to broaden its application. In particular, the legislature amended section 24 in 1959 to include the following underlined terms:

> "In any of the actions specified in any of the sections of this act *or any other act or in any contract where the time of commencement of any action is limited ***.*" (Emphasis added.) (Ill. Rev. Stat. 1959, ch. 83, par. 24a.)

The words "or any other act," Edwards concludes, evince an intent to apply section 13—217 to any claim subject to statutory or contractual time constraints; the legislature therefore intended that conditions under which a complaint may be refiled should enjoy the same relaxed construction. See *Kosoglad v. Porcelli* (1985), 132 Ill. App. 3d 1081, 1086, 478 N.E.2d 489.

The specific amendatory language "or any other act," added to section 24 in 1959, was construed in *In re Estate of Breault* (1969), 113 Ill. App. 2d 356, 251 N.E.2d 910, and held to apply to an action contesting a will under then section 90 of the Probate Act (Ill. Rev. Stat. 1965, ch. 3, par. 90), the court stating:

> "No other logical or intelligible meaning can be ascribed to the language added by the 1959 amendment, 'or any other act,' than that the Legislature *was expanding the benefit of section 24 to all civil actions authorized by any statute* 'where the time of commencement *of any action* is limited ***.' " (Emphasis added.) (113 Ill. App. 2d at 361.)

In *Kristan v. Belmont Community Hospital* (1977), 51 Ill. App. 3d 523, 366 N.E.2d 1068, the court applied section 24 to actions under

the Wrongful Death Act (Ill. Rev. Stat. 1975, ch. 70, par. 2(c)), citing the subject language as an amendment which indicated "a steady progression by the legislature in liberalizing this remedial piece of [legislation] by expanding the field of its operation." (51 Ill. App. 3d at 526.) Finally, in *People ex rel. L'Minggio v. Parker* (1978), 65 Ill. App. 3d 296, 382 N.E.2d 613, the amending language was held to have expanded the scope of section 24 so as to include an action under the then existing Paternity Act (Ill. Rev. Stat. 1975, ch. 106¾, par. 54). In each of the foregoing instances, the statutes involved contained their own limitations restrictions.

■■ The Court of Claims, in which Edwards first filed his action, was established by "An Act to create the Court of Claims" (Ill. Rev. Stat. 1945, ch. 37, par. 439.1 *et seq.*), not as a separate court system analogous to the Federal system, but was intended "simply to receive and process in an orderly manner claims which might be addressed to the State. It was not to function as a court and adjudicate cases." (*Seifert v. Standard Paving Co.* (1976), 64 Ill. 2d 109, 123, 355 N.E.2d 537, *overruled on other grounds* (1985), 109 Ill. 2d 72.) The Court of Claims Act thereby provided a remedy for those having claims against the State where no such remedy previously existed. (*Seifert v. Standard Paving Co.*, 64 Ill. 2d at 120.) Under these circumstances, whether a legislative remedy is created under the Probate Act, the Wrongful Death Act, the Paternity Act, or the Court of Claims Act, "or any other act," we hold that the remedial policy of section 13–217 applies and Edwards must be permitted to refile his claim in the circuit court of Cook County. The circuit court erred in dismissing his refiled complaint.

For the reasons above stated, we reverse the order of the circuit court dismissing the refiled complaint and remand for further proceedings.

Reversed and remanded.

SCARIANO and EGAN, JJ., concur.