(No. 91-CC-1330–■■■■■

ARTHUR NIKELLY, Claimant, *v.* THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Respondent.

*Opinion filed December 9, 1992.*
*Order filed March 30, 1993.*

MARVIN GERSTEIN, for Claimant.

FRED HEINRICH, for Respondent.

## OPINION

PATCHETT, J.

This matter comes before the Court upon the mo-

tion to dismiss filed by Respondent, and the objections to said motion filed by the Claimant. Claimant filed a tort cause of action alleging intentional interference of contract and intentional infliction of emotional distress in the Sixth Judicial Circuit, Champaign County, Illinois. The act giving rise to the tort cause of action occurred on or before October 9, 1987, and Claimant commenced his action in the circuit court well within the two-year statute of limitations period as required by Ill. Rev. Stat. (1991), ch. 37, par. 439.22(h).

The Circuit Court for the Sixth Judicial District dismissed Claimant's cause of action for want of jurisdiction. The Illinois Court of Appeals for the Fourth District upheld the order of the circuit court, and dismissed Claimant's complaint for want of jurisdiction on October 25, 1990. During the pendency of this action, the two-year statute of limitations expired on October 9, 1989.

It is Claimant's contention that under Ill. Rev. Stat. (1991), ch. 110, par. 13—217, he had one year from the time of dismissal to file his cause in the Court of Claims.

The facts show that the circuit court of Champaign County dismissed this case involuntarily for want of jurisdiction, and the fourth district affirmed after the statute of limitations expired. Under Ill. Rev. Stat. (1975), ch. 83, par. 24(a), a plaintiff whose suit was dismissed involuntarily could commence a new action within one year of the dismissal order, if the statute expired during the pendency of the suit. The statutory basis under the old statute was the language: "* * * or, if the Plaintiff has heretofore been suited or shall be non-suited." The Illinois General Assembly subsequently amended this statute, and excluded from the amendment the language allowing for the refiling of an involuntary dismissal. (Ill. Rev. Stat.

(1977), ch. 83, par. 24(a).) Three cases are cited by Claimant, two of which occurred before the change in the statute in 1976. The third case, *Edwards v. Safer Foundations, Inc.* (1988), 171 Ill. App. 3d 793, 525 N.E.2d 987, adopts the pre-amendment case law in the first district.

In light of the recent supreme court decision in *DeClerck v. Simpson* (1991), 143 Ill. 2d 489, 577 N.E.2d 767, this Court cannot adopt the rationale of the first district. In *DeClerck*, the Illinois Supreme Court refused to take an expansive view of section 13—217. They refused to read into the statute an exception for improper venue. This indicates the Illinois Supreme Court's reluctance to extend section 13—217 beyond its statutory limits.

This Court reaffirms its holding in *Gunderson v. State* (1980), 33 Ill. Ct. Cl. 297, that section 13—217 affords protection only to plaintiffs whose lawsuits are voluntarily dismissed. Its protection is unavailable to plaintiffs whose actions are involuntarily dismissed.

Since the statute of limitations expired prior to the time of filing in the Court of Claims, it is the opinion of this Court that under section 13—217 of the Illinois Code of Civil Procedure, Claimant's objections to Respondent's motion to dismiss are incorrect.

It is hereby ordered that Respondent's motion to dismiss be sustained, and Claimant's motion to strike Respondent's motion to dismiss be denied. This cause is dismissed.

ORDER

PATCHETT, J.

This cause comes on for hearing upon the petition

for rehearing filed by the Claimant. An opinion was issued on this case on December 9, 1992, dismissing the claim. On January 7, 1993, the Claimant filed a petition for rehearing and a request for oral argument. The Respondent filed an objection to petition for rehearing on January 13, 1993.

The Court has carefully reviewed the petition for rehearing and the objection to petition for rehearing. The petition for rehearing cites no new authority or new arguments for the proposition that a rehearing should be granted. It does include arguments that the Court's opinions have somehow denied the Claimant due process, equal protection, or that the Illinois Code of Civil Procedure is unconstitutional.

This Court lacks jurisdiction to rule on the constitutionality of Illinois statutes. In addition, there is no citation of authority to bolster the Claimant's position that the prior opinion of this Court somehow violated the Claimant's constitutional rights.

Therefore, we see no reason for giving oral argument. We hereby deny the petition for rehearing.