(No. 93-CC-0220—)

JOAN HICKEY, Individually and as Special Administrator for the Estate of RICHARD J. HICKEY, deceased, Claimant, *v.* THE STATE OF ILLINOIS *ex rel.* State Trooper ROBERT A. HUBER, Respondent.

*Opinion filed May 23, 1995.*

*Order on petition for rehearing filed January 30, 1996.*

WILDMAN, HARROLD, ALLEN & DIXON (LEONARD A. KURFIRST, of counsel), for Claimant.

JIM RYAN, Attorney General (ANDREW N. LEVINE, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, C.J.

Claimant filed a two-count complaint seeking recovery for injuries sustained by her husband in a collision involving the husband's vehicle and that of an Illinois State trooper. The incident occurred on September 18, 1986, and her husband eventually died on December 22, 1989. The complaint was filed with this Court on August 3, 1992, almost six years after the collision and more than two and one-half years following her husband's death.

Respondent has filed a motion to dismiss this claim based on the expiration of the two-year statute of limitations set forth in section 22(h) of the Court of Claims Act. Claimant argues that the two-year statute of limitations should be overridden by the savings statute in section 13—217 of the Code of Civil Procedure inasmuch as her complaint was filed herein within one year of the date that similar proceedings had been dismissed by the Cook County Circuit Court for lack of jurisdiction.

First, a look at the underlying facts as reported in the appellate court's opinion affirming the Cook County dismissal:

"On September 18, 1986, Huber, responsible for the northern Illinois area, was assigned to patrol U.S. Interstate 290 and to control traffic on that highway. Huber's field training officer, Tony Morrison, accompanied Huber on this assignment. Both Morrison and Huber stated that they received two radio reports over the Illinois State Police Emergency Radio Network which announced that suspects from an armed robbery had been observed heading east on Cermak Road. The report instructed units to 'look out' for a metallic green car without license plates. At the time of the broadcast, Huber and Morrison were travelling south on Harlem Avenue toward Interstate 290. Huber drove to Cermak Road, and as he waited to turn left onto Cermak, both he and Morrison saw a car fitting the description drive through the intersection. Huber turned onto Cermak Road with siren, mars lights, and flashing 'wig-wag' lights activated and began chasing the car. However, the green car, attempting to elude the squad car, increased its speed. The green car proceeded through the intersection of Cermak Road and Home Avenue. The light for the Cermak Road traffic was green. As Huber began to enter the intersection, Hickey, travelling on Home Avenue and apparently oblivious to the siren, entered the intersection against the light. Huber attempted to brake, but could not avoid hitting Hickey's car." (*Hickey v. Huber* (1st Dist. 1994), 263 Ill. App. 3d 560, 561, 635 N.E.2d 791, 792.)

In affirming the trial court's dismissal of the suit, the appellate court held that the doctrine of sovereign immunity applied to bar a claim against the trooper in circuit court because the trooper had been performing one of his official functions in pursuing the robbery suspects. Thus, in accordance with article XIII, section 4, of the Illinois Constitution of 1970 and the provisions of the State Lawsuit Immunity Act (745 ILCS 5), the appellate court ruled that the Court of Claims had exclusive jurisdiction over any litigation.

Section 13—217 of the Code of Civil Procedure is a savings statute intended to extend the period of limitations under certain circumstances. The version of section 13—217 in effect at the time of the circuit court's dismissal of the prior litigation read:

"§13-217. Reversal or dismissal. In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is

limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction." (735 ILCS 5/13-217.)

Thus, the savings statute in effect at that time provided for the refiling of an action, assuming the otherwise applicable limitations period had run, within one year of any of the following dispositions:

(1) judgment is entered for plaintiff but reversed on appeal;

(2) following a verdict in favor of plaintiff, judgment is entered against plaintiff as the result of a motion in arrest of judgment;

(3) plaintiff voluntarily dismissed the action;

(4) the action is dismissed for want of prosecution; or

(5) the action is dismissed by a United States District Court for lack of jurisdiction.[1]

See, e.g., *Mares v. Busby* (7th Cir. 1994), 34 F. 3d 533, 536.

In support of her contentions that section 13—217 should defeat Respondent's motion, Claimant cites *Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 203 N.E.2d 415 and its progeny.[2] *Roth* dealt with an older version of

---

[1] This version of section 13—217 was later amended, effective January 7, 1993, to allow similar refiling of an action dismissed by a United States District Court as a result of improper venue. P.A. 87-1252, section 2.

[2] The post-*Roth* decisions Claimant cites are: *Williams v. Medical Center Commission* (1975), 60 Ill. 2d 389, 328 N.E.2d 1; and *Edwards v. Safer Foundation, Inc.* (1st Dist. 1988), 171 Ill. App. 3d 793, 525 N.E.2d 987.

the savings statute which contained the language "if the plaintiff is nonsuited" in the place presently occupied by the language "the action is voluntarily dismissed by the plaintiff." The *Roth* court construed that "nonsuit" provision as permitting a refiling within one year after a Federal court had dismissed for lack of jurisdiction.[3] In so ruling, the court was careful to stress that it read the savings statute as referring to *in*voluntary nonsuits. (32 Ill. 2d at p. 43, 203 N.E.2d at p. 417.) Twelve years after the *Roth* opinion, this particular portion of the savings statute was amended by deleting "if the plaintiff is nonsuited" and inserting "the action is voluntarily dismissed by the plaintiff," to wit:

"§24. In the actions specified in this Act or any other act or contract where the time for commencing an action is limited, if judgment is given for the plaintiff but reversed on appeal; or if there is a verdict for the plaintiff and, upon matter alleged in arrest of judgment, the judgment is given against the plaintiff; or *the action is voluntarily dismissed by the plaintiff* if the plaintiff is nonsuited, or the action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, his heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or given against the plaintiff, or after the *action is voluntarily dismissed by the plaintiff* plaintiff is nonsuited or the action is dismissed for want of prosecution." Ill. Rev. Stat. ch. 83, par. 24a; Public Act 79-1358; see, Laws of the State of Illinois, 79th General Assembly, pages 743-744 (emphasis added).

One of the first reported decisions construing the amendment came from the Court of Claims: *Gunderson and Wosylus v. State* (1980), 33 Ill. Ct. Cl. 297. The Court noted:

"Under the old statute, a plaintiff whose suit was dismissed involuntarily could commence a new action within one year of the dismissal order where the statute [of limitations] expired during the pendency of the suit.

\* \* \*

It is Respondent's contention that the new statute affords protection only to plaintiffs whose lawsuits are *voluntarily* dismissed and [that] its protection is

---

[3] There was no specific Federal dismissal provision in the savings statute at that time.

[now] unavailable to plaintiffs whose actions are *involuntarily* dismissed." 33 Ill. Ct. Cl. at p. 298 (emphasis added).

The Court of Claims agreed with the State's position and dismissed that claim. Although Claimant has assailed the *Gunderson* ruling as little more than an "aberration with no precedential value" (see Claimant's 9/14/94 objections, p. 7), the Illinois Supreme Court has thoroughly studied these issues and has reached the same conclusion that this Court did in *Gunderson*. (See, e.g., *Hupp v. Gray* (1978), 73 Ill. 2d 78, 82-83, 382 N.E.2d 1211, 1213; *Conner v. Copley Press, Inc.* (1984), 99 Ill. 2d 382, 387-388, 459 N.E.2d 955, 957; and *DeClerck v. Simpson* (1991), 143 Ill. 2d 489, 577 N.E.2d 767.) In short, *Gunderson* accurately assessed the effect of the 1976 amendment. Dismissals for lack of jurisdiction are not voluntary dismissals by the plaintiff but are dismissals by the court on another ground, namely, lack of jurisdiction. Thus, under the amended savings statute, the *Roth* opinion and its progeny are inapposite; the amended section 13—217 did not allow Claimant an additional year to file her complaint in this Court.

In its most recent pronouncement on statutes of limitations, the supreme court wrote:

"Our decision produces a harsh result in that it extinguishes liability where such should plainly lie. That is, however, the nature of statutes of limitations. The statutes are inherently arbitrary in their operation in that they attach a complete bar to recovery of a valid claim or the imposition of criminal liability based on no more than the passage of time. While we express sympathy for plaintiff in this case, our duty is to adhere to our clearly established precedent." (*Sepmeyer v. Holman* (1994), 162 Ill. 2d 249, 256, 642 N.E.2d 1242, 1245.)

It is especially important for the Court of Claims to strictly enforce its limitations provisions, for they are jurisdictional. (*Illinois Bell Telephone Co. v. State* (1981), 35 Ill. Ct. Cl. 345.) The Court of Claims does not have equitable jurisdiction to allow a Claimant to utilize defenses such as waiver, estoppel, or laches to overcome the

Court's strict limitations provisions. *In re Application of Ward* (1981), 35 Ill. Ct. Cl. 398.

Accordingly, Respondent's motion to dismiss is allowed. It is ordered that this claim is dismissed with prejudice.

## ORDER DENYING PETITION FOR REHEARING

SOMMER, C.J.

Claimant's petition for rehearing argues: (1) that her circuit court filing satisfied the limitations provisions of section 22(h) of the Court of Claims Act even though there was no concurrent filing with this Court; (2) in the alternative, that section 13—217 of the Code of Civil Procedure permitted her late filing in this Court notwithstanding our reasoned opinion to the contrary; and (3) that, should she fail to succeed with her first two arguments, she has been "victimized" by the Illinois Supreme Court and must therefore be allowed to pursue her untimely claim herein.

### Section 22(h) Argument

While it is true that there is *dicta* from an Illinois Supreme Court opinion which would purportedly bolster Claimant's first argument, scrutiny of the case law on which that *dicta* is premised reveals it to be without a viable foundation. The language in question is from *Williams v. Medical Center Commission* (1975), 60 Ill. 2d 389, 396, 328 N.E.2d 1, 5:

"Our decision in *Roth v. Northern Assurance Co.* [citation omitted] is authority for the proposition that the filing of the present action, although it was filed in the Circuit Court rather than in the Court of Claims, satisfies any statutory requirement of notice and filing."

This *dicta* cites to a portion of *Roth* which, in turn, cited to *Geneva Construction Co. v. Martin Transfer and Storage Co.* (1954), 4 Ill. 2d 273, 289-90, 122 N.E.2d 540, 549.

Neither *Geneva Construction* nor *Roth* involved a Court of Claims matter. *Geneva Construction* concerned the propriety of a post-limitations amendment of a circuit court pleading[1] to substitute a new party plaintiff based on principles of common law subrogation, and the supreme court's analysis was limited to a straightforward review of the procedural statute involved. It must be emphasized that the statute in question in *Geneva Construction* allowed only for a post-limitations amendment of a *pleading*, not an amendment of the *forum*. *Roth*, as explained in our initial opinion, dealt with the intricacies of a now defunct predecessor to the present section 13—217 of the Code of Civil Procedure, a totally different procedural statute than was at issue in *Geneva Construction*. Nonetheless, the *Roth* Court rationalized that the purposes of the two statutes were similar and, using equitable powers, held:

"[W]hen a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of the opinion that a liberal rule [circumventing the statute of limitations] should be applied." *Roth*, 32 Ill. 2d at 49-50, 203 N.E.2d at 420, quoting from Mr. Justice Holmes in a United States Supreme Court opinion.

Unlike the United States and Illinois Supreme Courts, this Court of Claims is devoid of equitable jurisdiction; our limitations provisions are jurisdictional and cannot be disregarded under any circumstances. Accordingly, despite the Supreme Court *dicta* to the contrary, we are unable to recognize Claimant's erroneous circuit court filing as a "surrogate" filing with this Court. Claimant simply did not meet the filing deadline prescribed by section

[1] *Geneva Construction* involved a predecessor of the present section 2—616 of the Code of Civil Procedure:

"[The amendment] shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted if the time prescribed or limited had not expired when the original pleading was filed and if ° ° ° the cause of action ° ° ° in the amended pleading grew out of the same transaction or occurrence set up in the original pleading ° ° °."

22(h) of the Court of Claims Act, and she is therefore barred from now bringing her claim to this Court.

## Section 13—217 Argument

The Court's previous, thorough analysis of section 13—217 of the Code of Civil Procedure is self-explanatory, and Claimant offers no new argument to substantively challenge it. Further, there is additional precedent supporting our ruling: *Nikelly v. Board of Trustees* (1992), 45 Ill. Ct. Cl. 336, 338. Thus, we again find that section 13—217 did not allow Claimant additional time to file her claim with this Court.

## "Victimization" Argument

Claimant complains bitterly about the application of *Currie v. Lao* (1992), 148 Ill. 2d 151, 592 N.E.2d 977 to her circuit court case, but such an argument can only be properly directed to the reviewing courts, if any, presently having jurisdiction over those issues; they are not part of the instant Court of Claims litigation. From a practical standpoint, we do note that Claimant and her husband had filed preliminary notices with this Court and the Attorney General pursuant to section 22—1 of the Court of Claims Act. Thus, they were aware of the potential Court of Claims jurisdiction and could have easily proceeded to concurrently file a timely claim in this Court when initiating the Cook County case. Such a strategy is commonly employed by counsel practicing before this Court, and it would have protected Claimant from the limitations risk which naturally resulted here from the decision to file in only one of the potentially available fora.

Accordingly, inasmuch as we see no reason for further oral argument, it is ordered that Claimant's petition for rehearing is denied.