(No. 88-CC-3892—

JOHN REYES, Special Administrator of the Estate of FRANCIS REYES, Deceased, Claimant, *v.* THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS HOSPITAL, Respondent.

*Order filed August 22, 1995.*

*Order on petition for rehearing filed January 30, 1996.*

ASHMAN & ASSOC. (DAVID BAGDADE, of counsel), for Claimant.

KRALOVEC, MARQUARD, DOYLE & GIBBONS (JAMES F. DONOVAN, of counsel), for Respondent.

## ORDER

FREDERICK, J.

This cause comes before the Court on Respondent's motion to dismiss and motion to compel, and the Court having reviewed the pleadings, and the Court being fully advised in the premises, wherefore, the Court finds:

1. That Claimant filed his complaint as special administrator in the Court of Claims on April 25, 1988.

2. That on May 2, 1995, this Court entered an order requiring an affidavit be filed pursuant to section 2—622 of the Illinois Code of Civil Procedure. 735 ILCS 5/2—622.

3. That Respondent seeks to depose Claimant, John Reyes, and Claimant's expert, Dr. Sam Sugar.

4. That Respondent was not a proper party to the circuit court action entitled, *Reyes v. Dr. Juan Garcia, et al.*, No. 87-L-21119, in the Circuit Court of Cook County, Illinois.

5. That the alleged tortious acts of Respondent occurred, at the latest, on October 7, 1985.

6. That the claim was filed more than two years after the alleged negligent act or acts.

7. That the Claimant filed its original claim in the circuit court on October 1, 1987, and named the Respondent as a party in that case.

172

8. That in the circuit court action, the Respondent, Board of Trustees, filed a motion to dismiss on the grounds that the circuit court lacked subject matter jurisdiction. On April 4, 1988, the circuit court granted the Respondent's motion and granted plaintiff leave to refile the case in the Illinois Court of Claims.

9. That, pursuant to section 22(g) of the Court of Claims Act (705 ILCS, 505/22(g)), the statute of limitations in this claim sounding in tort is two years from the date the claim accrues.

10. This claim accrued no later than October 7, 1985.

11. Section 13—217 of the Code of Civil Procedure is a savings statute intended to extend the period of limitations under certain circumstances. The version of section 13—217 in effect at the time of the circuit court's dismissal of the prior litigation read:

"§ 13—217. Reversal or dismissal. In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District court for lack of jurisdiction." 735 ILCS 5/13—217.

Thus, the savings statute in effect at that time provided for the refiling of an action, assuming the otherwise applicable limitations period had run, within one year of any of the following dispositions:

(1) judgment is entered for plaintiff but reversed on appeal;

(2) following a verdict in favor of plaintiff, judgment is entered against plaintiff for the result of a motion in arrest of judgment;

(3) plaintiff voluntarily dismisses the action;

(4) the action is dismissed for want of prosecution; or

(5) the action is dismissed by a United States District Court for lack of jurisdiction.[1] See, e.g., *Mares v. Busby* (7th Cir. 1994), 34 F. 3d 533, 536.

In support of his contentions that section 13—217 of the Code of Civil Procedure should defeat Respondent's motion, Claimant cites *Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 203 N.E.2d 415, and its progeny.[2] *Roth* dealt with an older version of the savings statute which contained the language "if the plaintiff is nonsuited" in the place presently occupied by the language "the action is voluntarily dismissed by the plaintiff." The *Roth* court construed the "nonsuit" provision as permitting a refiling within one year after a Federal court had dismissed for lack of jurisdiction.[3] In so ruling, the Court was careful to stress that it read the savings statute as referring to *in*voluntary nonsuits. (32 Ill. 2d at 43, 203 N.E.2d at 417.) Twelve years after the *Roth* opinion, this particular portion of the savings statute was amended by deleting "if the plaintiff is nonsuited" and inserting "the action is voluntarily dismissed by the plaintiff," to wit:

"§24. In the actions specified in this Act or any other act or contract where the time for commencing an action is limited, if judgment is given for the plaintiff but reversed on appeal; or if there is a verdict for the plaintiff and, upon matter alleged in arrest of judgment, the judgment is given against the

---

[1] This version of section 13—217 was later amended, effective January 7, 1993, to allow similar refiling of an action dismissed by a United States District Court as a result of improper venue. P.A. 87-1252, section 2.

[2] The post-*Roth* decisions Claimant cites are: *Williams v. Medical Center Commission* (1975), 60 Ill. 2d 389, 328 N.E.2d 1; and *Edwards v. Safer Foundation, Inc.* (1st Dist. 1988), 171 Ill. App. 3d 793, 525 N.E.2d 987.

[3] There was no specific Federal dismissal provision in the savings statute at that time.

174

plaintiff; or *the action is voluntarily dismissed by the plaintiff* ~~if the plaintiff is nonsuited~~, or the action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, his heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or given against the plaintiff, or after the *action is voluntarily dismissed by the plaintiff* ~~plaintiff is nonsuited~~ or the action is dismissed for want of prosecution." Public Act 79—1358; see, Laws of the State of Illinois, 79th General Assembly, pages 743-744 (emphasis added).

One of the first reported decisions construing the amendment came from the Court of Claims. (*Gunderson and Wosylus v. State* (1980), 33 Ill. Ct. Cl. 297.) The Court noted:

"Under the old statute, a plaintiff whose suit was dismissed involuntarily could commence a new action within one year of the dismissal order where the statute [of limitations] expired during the pendency of the suit.

\* \* \*

It is Respondent's contention that the new statute affords protection only to plaintiffs whose lawsuits are *voluntarily* dismissed and [that] its protection is [now] unavailable to plaintiffs whose actions are *involuntarily* dismissed." 33 Ill. Ct. Cl. at p. 298 (emphasis added).

The Court of Claims agreed with the State's position and dismissed that claim. The Illinois Supreme Court has thoroughly studied these issues and has reached the same conclusion that this Court did in *Gunderson*. (See, e.g., *Hupp v. Gray* (1978), 73 Ill. 2d 78, 82-83, 382 N.E.2d 1211, 1213; *Conner v. Copley Press, Inc.* (1984), 99 Ill. 2d 382, 387-388, 459 N.E.2d 955, 957; and *DeClerck v. Simpson* (1991), 143 Ill. 2d 489, 577 N.E.2d 767.) In short, *Gunderson* accurately assessed the effect of the 1976 amendment. Dismissals for lack of jurisdiction are not voluntary dismissals by the plaintiff but are dismissals by the court on another ground, namely, lack of jurisdiction. Thus, under the amended savings statute, the *Roth* opinion and its progeny are inapposite; the amended section 13—217 did not allow Claimant an additional year to file his complaint in this Court.

In its most recent pronouncement on statutes of limitations, the Supreme Court wrote:

"Our decision produces a harsh result in that it extinguishes liability where such should plainly lie. That is, however, the nature of statutes of limitations. The statutes are inherently arbitrary in their operation in that they attach a complete bar to recovery of a valid claim or the imposition of criminal liability based on no more than the passage of time. While we express sympathy for plaintiff in this case, our duty is to adhere to our clearly established precedent." *Sepmeyer v. Holman* (1994), 162 Ill. 2d 249, 256, 642 N.E.2d 1242, 1245.

It is especially important for the Court of Claims to strictly enforce its limitations provisions, for they are jurisdictional. (*Illinois Bell Telephone Co. v. State* (1981), 35 Ill. Ct. Cl. 345.) The Court of Claims does not have equitable jurisdiction to allow a Claimant to utilize defenses such as waiver, estoppel, or laches to overcome the Court's strict limitations provisions. *In re Application of Ward* (1981), 35 Ill. Ct. Cl. 398.

Accordingly, Respondent's motion to dismiss is allowed.

It is ordered that this claim is dismissed with prejudice.

ORDER

FREDERICK, J.

This cause comes before the Court on Claimant's motion for rehearing and reconsideration of the Court's order of August 22, 1995, and the Court having reviewed the motion, the briefs of the parties, the court file, heard oral arguments, and the Court being fully advised in the premises, wherefore, the Court finds:

1. Section 790.40 of the Court of Claims Regulations (74 Ill. Adm. Code 790) specifies that cases are commenced by the filing of a verified complaint with the clerk of the Court of Claims.

2. Section 790.60(a) of the Court of Claims Regulations states that any complaint filed or pending in the Court of Claims shall be continued generally, subject to the provisions of 790.70, until the final disposition of all other claims or proceedings arising from the same occurrence or transaction. (A general continuance granted by this Court is not to be construed as an opinion on the question of jurisdiction in any other court or tribunal.)

3. That pursuant to section 22(h) of the Court of Claims Act (705 ILCS 505/22(h)), all time limitations established under the Act and the rules promulgated under the Act are binding as jurisdictional.

4. That the savings statute interpreted by the supreme court in *Roth v. Northern Assurance Co., Ltd.* (1964), 32 Ill. 2d 35, and *Williams v. Medical Center Commission* (1975), 60 Ill. 2d 389, was substantially different from the savings statute in effect and at issue in this case.

5. That the legislature removed the "if the plaintiff is non-suited" language from section 13—217 of the Code of Civil Procedure. 735 ILCS 5/13—217.

6. That this Court has previously ruled adversely to Claimant's position on this same issue in *Nikelly v. Board of Trustees of the University of Illinois* (1993), 45 Ill. Ct. Cl. 336.

7. That the Court has carefully reviewed all of the pleadings and the law in regard to the issue in this case and finds the Court's order of August 22, 1995, to be the correct order.

Therefore, it is ordered that Claimant's motion for rehearing and reconsideration of order of August 22, 1995, is denied.