NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Argued July 7, 2010
Decided July 22, 2010

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-1210

| | |
|---|---|
| RONALD D. GRANGER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| *v.* | No. 3:08-CV-3228 |
| TRAVIS RAUCH, et al., | Harold A. Baker, |
| *Defendants-Appellees.* | *Judge*. |

**O R D E R**

This appeal arises from the Central District of Illinois but has its genesis in the mishandling of a prior lawsuit in the Northern District of Illinois. Ronald Granger initially filed suit in the Northern District under 42 U.S.C. § 1983, claiming that doctors at Graham and Stateville Correctional Centers in Illinois were deliberately indifferent to his medical needs. In the same complaint he also claimed that employees at Graham had violated his right to due process. The assigned judge in the Northern District concluded that Granger's due-process claims were improperly joined with his medical claims and also were in the wrong venue, since Graham is located in the Central District. But the court was unaware that the statute of limitations on the due-process claims already had expired, and instead of severing and transferring them to the Central District, the court erroneously dismissed them

without prejudice and advised Granger to refile in the Central District. He promptly did so, only to have the new suit dismissed sua sponte at screening on the ground that the due-process claims are barred by the statute of limitations. Granger now appeals the dismissal in the Central District, arguing that the court abused its discretion by not honoring the original filing date of his due-process claims in the Northern District. Because an Illinois savings statute and the state's doctrine of equitable tolling—neither of which the district court considered—render Granger's lawsuit in the Central District timely, we vacate the judgment of the district court and remand the case.

## Background

Granger was serving time at the Graham facility in Hillsboro when, in July 2006, he experienced pain and swelling in his left leg. He was sent to a nearby hospital, where doctors diagnosed him with a leg abscess and performed surgery. He remained hospitalized for several weeks, under the eye of guards from Graham, including Officer Travis Rauch. Granger alleges that Rauch flirted with one of his nurses and, when she rebuffed his advances, took his anger out on Granger by threatening to get him transferred to a higher-security prison. Granger did not see Rauch at the hospital again, and when Granger returned to prison on August 10, 2006, he was immediately placed in segregation.

On August 21, 2006, Granger received copies of final reports detailing the outcome of two disciplinary hearings conducted by an Adjustment Committee on August 15 to adjudicate disciplinary actions written up by Officer Rauch. This was Granger's first notice of the alleged infractions, which, according to Rauch, took place in the hospital while he guarded Granger. Rauch claimed that Granger threw a bloody band-aid at him and threatened to kill him on August 5 and then spit on him the next day. The Adjustment Committee wrote that Granger had "refused to appear" to address the two charges and found him guilty of both. As punishment the Committee revoked two years of good time, restricted Granger's visitation privileges for one year and yard privileges for six months, placed him in segregation for two years, demoted him to "C Grade" status, and initiated a disciplinary transfer in September 2006 from Graham to the higher-security Stateville Correctional Center.

During this time Granger continued to suffer from significant medical problems. After his release from the hospital, the prison doctors at Graham had erroneously prescribed dialysis treatments three times a week. Granger questioned the need for the dialysis, but these treatments continued for almost a year after his transfer to Stateville. In July 2007 one of the Stateville doctors finally realized the mistake. According to Granger, by that point the dialysis had caused irreversible liver damage, and he claims to now suffer from "poor blood flow" and chronic skin irritations.

Granger filed suit in the Northern District of Illinois (where Stateville is located) on January 2, 2008. His initial pro se complaint asserted that two named doctors at Stateville had been deliberately indifferent to his medical needs and also identified as defendants the "health care units" at both Graham and Stateville. *Granger v. Ghosh*, No. 1:08-cv-00039 (N.D. Ill. filed Jan. 2, 2008). Granger amended his complaint in July 2008 to join as defendants several other doctors at both Graham and Stateville, and to add new due-process claims against Officer Rauch, two members of the Adjustment Committee at Graham, and an employee who worked as the Committee's "server/investigator." Granger alleged that Rauch had falsified the disciplinary charges and that his hearings were over before he even knew about them. He asked for $50,000 in compensatory and punitive damages. He did not seek restoration of his lost good time.

On September 2, 2008, Judge Dow in the Northern District dismissed sua sponte Granger's claims against Officer Rauch and the other three Graham employees. On the one hand the court cited *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), for the proposition that Granger's due-process claims belonged in a different suit because they are "unrelated to the claims of inadequate and improper medical care." On the other hand, however, the court cited 28 U.S.C. § 1391(b)—a venue provision—in declaring that Granger's due-process claims were "dismissed without prejudice to Plaintiff raising them in another complaint, which may belong in the Central District of Illinois, the federal judicial district in which the Graham Correctional Center is located." Judge Dow advised at the end of his order that, if Granger wished to pursue his due-process claims, they "*should be filed* in the federal judicial district where Graham . . . is located."

Granger followed Judge Dow's instructions and refiled his due-process claims in the Central District of Illinois on October 14, 2008. Judge Baker in the Central District screened the complaint prior to service, *see* 28 U.S.C. § 1915A, and, in a very brief electronic docket entry, dismissed the suit with prejudice on the ground that Granger's claims were barred by the two-year statute of limitations applicable to § 1983 suits arising in Illinois. Granger had been disciplined at Graham in August 2006, the court reasoned, and he did not file his suit in the Central District court until October 2008, more than two years later. Granger filed a notice of appeal from that dismissal.

Meanwhile, the lawsuit before Judge Dow went forward, and the subsequent events in that case provide context for Granger's appeal from Judge Baker's adverse ruling. Judge Dow recruited counsel for Granger in January 2009, and his suit for deliberate indifference proceeded against doctors from both prisons. In April 2009 Granger's attorney filed a Second Amended Complaint, which, in part, renewed the due-process claims against Officer Rauch and the other Graham defendants. The doctors from both Graham and

Stateville moved to dismiss the deliberate-indifference claims for failure to exhaust administrative remedies, *see* 42 U.S.C. § 1997(a), or, alternatively, failure to state a claim.

On July 30, 2009, Granger's counsel filed a "Motion for Relief from Order, and Motion to Sever and Transfer Claims Related to Graham Correctional Center Defendants to the Central District of Illinois." Granger argued that Judge Dow erred in dismissing his due-process claims against the Graham defendants instead of severing those claims and transferring them to the proper venue in the Central District. If Judge Dow had transferred the claims, Granger maintained, his suit in the Central District would not have been time-barred because the transfer would have preserved his original filing date. The Graham defendants opposed the motion, and Judge Dow, caught in a Catch-22, concluded that Granger's motion had to be denied because Judge Baker's dismissal of the refiled suit constituted an adjudication on the merits, and thus principles of claim preclusion prevented reconsideration of the earlier dismissal in the Northern District. Judge Dow acknowledged that he never considered a transfer because he was unaware that the statute of limitations for Granger's due-process claims had already expired. The court characterized this oversight as an "unintended consequence," but nevertheless faulted Granger for not filing his due-process claims in the correct district; the court also suggested that Granger should have asked for a transfer in lieu of dismissal, or brought the statute-of-limitations issue to the court's attention by filing a motion for reconsideration *before* Judge Baker had ruled. Granger's attempt to take an interlocutory appeal from Judge Dow's decision was unsuccessful, and his deliberate-indifference claims remain pending in the Northern District against only one doctor from Stateville.

**Analysis**

Although procedural missteps in both the Northern and Central Districts affected Granger's case, this appeal is limited to the dismissal of his suit filed in the Central District. Granger argues that Judge Baker abused his discretion by dismissing the suit as time-barred instead of honoring the original filing date from the Northern District. In his refiled complaint in the Central District, Granger had specifically noted that Judge Dow dismissed his due-process claims without prejudice, "directing these claims to be filed in the Central District court." Granger contends that he said enough in his complaint to alert the reader that Judge Dow intended to preserve the due-process claims, and, therefore, Judge Baker should have treated the new complaint as if it had been transferred instead of refiled. At the very least, according to Granger, Judge Baker should have first conducted a hearing and explored the procedural history of the new suit. The defendants were never served in the Central District and, thus, are not participating in this appeal. But their opposition to Granger's efforts to set aside or appeal Judge Dow's dismissal in the Northern District demonstrate their awareness of the proceedings in the Central District and this appeal. We

review a district court's dismissal under 28 U.S.C. § 1915(b)(1) for abuse of discretion. *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002).

### A) Proceedings in the Northern District

Although this appeal arises from the dismissal by Judge Baker, that dismissal cannot be evaluated without appreciating that errors by Judge Dow effectively prevented Granger from pursuing his due-process claims in the Central District as instructed. First, Judge Dow should have severed Granger's due-process claims instead of dismissing them. *See Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). When a district court chooses between severing and dismissing improperly joined claims, the court is "duty-bound" to "avoid gratuitous harm to the parties." *Id.; see Strandlund v. Hawley*, 532 F.3d 741, 746 (8th Cir. 2008); *DIRECTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006). Judge Dow correctly cited *George* in evaluating whether all of Granger's claims were properly joined in the Northern District; that case recognizes that prisoners are subject to the same joinder rules as other civil litigants. *George*, 507 F.3d at 607. But once the court decided that the due-process claims were misjoined with the medical claims, the court was required to give effect to that decision "on just terms." *See* FED. R. CIV. P. 21; *Strandlund*, 532 F.3d at 745; *DIRECTV*, 467 F.3d at 845; *Elmore*, 227 F.3d at 1012; *Coughlin v. Rogers*, 130F.3d 1348, 1351 (9th Cir. 1997). Unlike the prisoner litigant in *George*, who brought 50 distinct (and mostly frivolous) claims against 24 different defendants in the same suit in order to dodge extra filing fees and possible sanctions, Granger diligently followed Judge Dow's instructions. There is no hint in the record that Granger acted in bad faith. Moreover, Granger reasonably could have viewed all of his § 1983 claims as related because the disciplinary actions and the medical errors all stemmed from events that were set in motion while Granger was housed at Graham.

Second, Judge Dow should have transferred Granger's properly severed claims to the Central District to ensure that the claims would be deemed timely in the proper venue. *See* 28 U.S.C. § 1406(a) (directing district courts to transfer cases "in the interest of justice"); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962) (explaining that § 1406(a) was enacted to protect against issues involving statute of limitations by preserving plaintiff's filing date when he makes mistake regarding proper venue); *Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006) (noting that factors favoring transfer over dismissal include consideration of statute of limitations); *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 531 (7th Cir. 2002) (explaining that transfers are appropriate when plaintiff's claims otherwise would be time-barred); *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (evaluating identical language in 28 U.S.C. § 1631 regarding transfers "in the interests of justice" and noting that statute of limitations is "compelling reason" favoring transfer over dismissal); *Minnette v. Time Warner*, 997 F.2d 1023, 1026-27 (2d Cir. 1993) (concluding that transfer was necessary to avoid loss of plaintiff's claims due to statute of limitations).

Finally, Judge Dow inadvertently harmed Granger by trying to be helpful in advising him to refile in the Central District. By overlooking that the statute of limitations had already expired, Judge Dow created an impossible situation for Granger. The only way for Granger to salvage the due-process claims was to challenge Judge Dow's dismissal either through a motion to reconsider or by appeal at the end of the Northern District lawsuit. But instead Granger followed the court's advice, and now Judge Baker's decision in the Central District, unless overturned in this appeal, will preclude litigation of the due-process claims.

### B) The Illinois "Savings Statute"

Judge Dow's handling of the due-process claims set up Judge Baker's dismissal of the Central District complaint as time-barred, but that latter decision was itself erroneous. Section 1983 borrows not only the state statute of limitations for personal-injury claims but also all related state tolling rules. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *Bd. of Regents v. Tomanio*, 446 U.S. 478, 478-79 (1980); *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007); *Shropshear v. Corp. Counsel of the City of Chi.*, 275 F.3d 593, 596 (7th Cir. 2001); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001); *Gosnell v. City of Troy*, 59 F.3d 654, 656 (7th Cir. 1995). As mentioned above, the applicable statute of limitations in Illinois is two years. *See* 735 ILCS § 5/13-202. But the state also has a corresponding "savings statute" which gives plaintiffs one year to refile a tort claim—and thus a § 1983 suit—that has been "dismissed by a United States District Court for lack of jurisdiction, or . . . for improper venue . . . whether or not the time limitation for bringing such action expires during the pendency of such action." *Id.* § 5/13-217.[*] The Illinois courts have consistently characterized § 5/13-217

---

[*] The version of § 5/13-217 currently in effect reads as follows:

In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after

(continued...)

as a remedial statute that must be liberally construed to effectuate the legislative goal of facilitating the disposition of claims on the merits instead of on the basis of unrelated procedural defects. *See, e.g., Case v. Galesburg Cottage Hosp.*, 880 N.E.2d 171, 176 (Ill. 2007); *Bryson v. News America Pubs., Inc.*, 672 N.E.2d 1207, 1223 (Ill. 1996); *Edwards v. Safer Found., Inc.*, 525 N.E.2d 987, 989-90 (Ill. App. Ct. 1988) (collecting cases demonstrating liberalizing trend in construction of § 5/13-217).

Judge Baker did not address the applicability and effect of this savings statute, nor does Granger's counsel do so now. But that does not prevent us from recognizing the statute when our precedent is clear that district courts should not raise affirmative defenses sua sponte unless the application of the defense is "so plain from the face of the complaint that the suit can be regarded as frivolous." *Best v. City of Portland*, 554 F.3d 698, 700 (7th Cir. 2009); *see e360 Insight v. Spamhaus Project*, 500 F.3d 594, 599 (7th Cir. 2007); *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004); *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002); *see also Abbas v. Dixon*, 480 F.3d 636, 640 (2d. Cir. 2007); *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988). This case illustrates the reason for that cautionary rule. Judge Dow had dismissed Granger's due-process claims at least in part for improper venue, so Judge Baker should have analyzed § 5/13-217, which on its face appears applicable, before raising the statute of limitations sua sponte. *See Portwood v. Ford Motor Co.*, 685 N.E.2d 941, 946 n.6 (Ill. App. Ct. 1997) (noting that § 5/13-217 applies to a dismissal by a federal court for improper venue). Under the Illinois savings statute, Granger had up to a year from Judge Dow's dismissal of his due-process claims on September 2, 2008, to refile his claims. Granger's complaint was "filed" by the clerk of court in the Central District on October 14, 2008, and thus his suit was brought well within the extended, one-year limitations period of the savings statute.

### C) Equitable Tolling

Even if the savings statute did not apply in this case, the doctrine of equitable tolling as interpreted by the Illinois courts also required that Judge Baker honor Granger's original filing date from the Northern District. Equitable tolling may be appropriate if the plaintiff

---

*(...continued)
such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue.

735 ILCS § 5/13-202; *see Best v. Taylor Mach. Works*, 689 N.E.2d 1057 (1997).

can show that he (1) mistakenly asserted his rights in the wrong forum, or (2) was prevented in some extraordinary manner from timely asserting his rights, or (3) was actively misled by the defendant. *Clay v. Kuhl*, 727 N.E.2d 217, 223 (Ill. 2000).

In Granger's case, he joined his due-process claims with his existing medical claims in the Northern District. When told by Judge Dow that he was in the wrong venue and should refile in the Central District, Granger promptly did as instructed. There is no suggestion in this record that he acted with bad faith by initially filing his claims together in the Northern District. At the time Granger refiled his due-process claims, he was still pro se. Under the doctrine of equitable tolling, Granger should not be penalized for innocently selecting the wrong forum, *see Ciers v. O. L. Schmidt Barge Lines, Inc.*, 675 N.E.2d 210, 215 (Ill. App. Ct. 1996), or for following Judge Baker's ill-advised instruction to refile when the statute of limitations had already run, *see Ill. Dep't of Pub. Aid v. Graham*, 766 N.E.2d 272, 275 (Ill. App. Ct. 2002) (concluding that limitations period was equitably tolled under "extraordinary circumstances" exception when litigant was misled by trial court's order); *Comdisco, Inc. v. Dun & Bradstreet Corp.*, 713 N.E.2d 698, 701 (Ill. App. Ct. 1999) (same). And Judge Baker, if raising the limitations issue sua sponte, also should have invoked this tolling rule in order to honor Granger's filing date from the Northern District.

### D) Underlying Concerns with Granger's Complaint

Granger's complaint from the Central District is not frivolous; taking the allegations in that complaint as true, it appears that Granger has arguable due-process claims against Officer Rauch and the other Graham defendants. Granger's loss of two years of good time constitutes a protected liberty interest, *see Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir. 2002), and he was entitled to certain due-process protections before the Adjustment Committee took those credits away, *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974) (establishing that prisoner has right to advance written notice of charges, right to call witnesses and produce evidence in his defense, right to be heard by impartial decision-maker, and right to written statement of reasons for disciplinary action). When these procedural protections are provided, an inmate generally will be unable to argue that the disciplinary action was based on a fabricated or fraudulent report of misconduct. *See, e.g., Lagerstrom v. Kingston*, 463 F.3d 621, 623 (7th Cir. 2006); *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999); *McKinney v. Meese*, 834 F.2d 728, 733 (7th Cir. 1987). But Granger alleges that he was not even told about the charges until the Adjustment Committee had already found him guilty, and thus he lacked an opportunity to challenge Rauch's allegedly trumped-up charges.

At the same time, however, the defendants likely can raise at least two affirmative defenses. First, because Granger is seeking monetary damages for disciplinary actions that have yet to be invalidated, the defendants may be able to argue that *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), bar Granger's suit under

§ 1983 for damages.  Second, Granger did not file an administrative grievance against Rauch and the other Graham defendants until August 19, 2008—more than two years after the Adjustment Committee had sanctioned him.  Thus, on remand the defendants might also assert that Granger failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997(a).  Yet these also are affirmative defenses and are subject to waiver.  *See Jones v. Bock*, 549 U.S. 199, 199-200 (2007) (holding that failure to exhaust is affirmative defense and prisoner is not required demonstrate exhaustion in pleading)*; Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (noting that exhaustion is affirmative defense that defendants have burden of pleading); *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 862-63 (7th Cir. 2004) (noting that *Heck*-bar is affirmative defense that defendants waived)*.*  We note the possible application of these defenses only to highlight that a win for Granger in this court may prove short-lived.

The judgment is VACATED, and the case is REMANDED for further proceedings.